MULLIKEN *v.* NAPH-SOL REFINING CO.

1. CONTRACTS—PUBLIC POLICY—COMMODITY PRICE FIXING—UNFAIR COMPETITION.

An agreement between refining company and filling station operator permitting former to set the retail price of gasoline and drive the so-called cut-rate stations out of business but allowing operator a certain gross profit per gallon was void as in violation of public policy expressed by statutes prohibiting agreements to increase, reduce or fix prices of commodities so as to preclude free and unrestricted prices in the sale of such commodity (3 Comp. Laws 1929, § 16647).

2. SAME—PUBLIC POLICY.

It is the duty of a court to dismiss an action based upon a contract which is contrary to public policy whenever the illegality of such contract appears.

3. SAME—LEASES—PUBLIC POLICY—UNFAIR COMPETITION—GASOLINE PRICES.

Since a lease is a contract, an arrangement between a refining company and a filling station operator for sale of gasoline at prices set by former to drive so-called cut-rate stations out of business, if a lease, was void as against public policy expressed by statutes prohibiting the prevention of free competition (3 Comp. Laws 1929, § 16647).

4. PRINCIPAL AND AGENT—PUBLIC POLICY.

An arrangement between refining company and filling station operator whereby latter was to be allowed a certain gross profit per gallon of gasoline sold at price set by former for purpose of driving so-called cut-rate stations out of business which created relation of principal and agent was void as being for an illegal purpose (3 Comp. Laws 1929, § 16647).

5. APPEAL AND ERROR—GROUND FOR JUDGMENT.

Judgment of trial court on different ground than given by Supreme Court is affirmed where judgment given is the correct one.

Appeal from Muskegon; Sanford (Joseph), J. Submitted June 2, 1942. (Docket No. 1, Calendar No. 41,917.) Decided July 1, 1942.

Definition of illegal contract, see 2 Restatement, Contracts, § 512; effect, see § 598.

Action by Ray D. Mulliken against Naph-Sol Refining Company, a Michigan corporation, for sums due on an alleged contract. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Glocheski & Glocheski,* for plaintiff.

*Penny & Charter,* for defendant.

Bushnell, J.   Plaintiff Ray D. Mulliken is the operator of an oil station in the city of Grand Rapids. Sometime prior to January 9, 1940, he negotiated with defendant Naph-Sol Refining Company, a Michigan corporation, for the purchase of gasoline. As a result of the negotiations plaintiff claimed that an agreement was made between the parties, the details of which are contained in a letter dated January 9, 1940, addressed to defendant and signed by plaintiff and attached to the declaration.

Plaintiff did not contend that defendant ever signed a written contract, but insisted that for some time gasoline was delivered to him under the oral agreement at a price which permitted him to have a gross margin of 1¾ cents per gallon on the retail price. When defendant raised the price and refused to allow the agreed gross margin, plaintiff claimed this was in violation of the oral agreement and demanded performance. Upon defendant's refusal, plaintiff brought the present action for damages which he claimed he sustained as a result of the breach of the agreement.

After plaintiff's counsel had made an opening statement, plaintiff took the witness stand. When he attempted to testify as to his conversation with the president of defendant company, an objection was entered to the effect that the contract was the

best evidence. Upon plaintiff's insistence that he was entitled to show the details leading up to the agreement, the court ruled that they were presumed to be included in the letter which the trial judge considered as constituting the contract. When this letter was offered in evidence, defendant objected on the ground that it was executory and did not show any agreement on the part of the defendant to sell gasoline nor plaintiff's agreement to purchase any specific amount, and being a unilateral undertaking, it was not enforceable in an action for specific performance, nor could it afford a basis for an action for damages. Plaintiff's counsel then explained that he stood upon the oral agreement and merely offered the letter as evidence of that agreement. During a colloquy between court and counsel, defendant moved for a directed verdict, and this motion was granted.

Plaintiff contends that the court erred in directing a verdict against him before he had completed his case, that the letter should have been admitted in evidence before being considered by the court, and that he should have been permitted to prove the remaining terms of the oral agreement.

The questions raised by appellant need not be determined by us in view of his counsel's opening statement to the court, from which we quote the following:

"These talks pertained to a certain price war then existing in the city of Grand Rapids and the Naph-Sol Refining Company told Mr. Mulliken that they wanted to help re-establish the price on a fair basis and drive the so-called cut-rate stations— drive the price down and drive them out of business, and in connection with the plan they suggested to Mr. Mulliken that he sell their gasoline, and they agreed to give him a contract for the period of one

year from and after the 9th day of January, 1940, and agreed in the contract to allow him a gross profit of one and one-half cents on each gallon of gasoline purchased from the Naph-Sol Refining Company. Now, this contract also provided for the setting of retail prices by the Naph-Sol Refining Company."

Plaintiff does not deny that the true purpose of the agreement was as stated in his counsel's opening remarks, nor that these remarks were intentionally made.

The opening statement discloses that, if the agreement is what plaintiff claims it was, it was made for a purpose prohibited by statute and is therefore void. *Hunt* v. *Riverside Cooperative Club*, 140 Mich. 538 (112 Am. St. Rep. 420). The statute in question, 3 Comp. Laws 1929, § 16647 (Stat. Ann. § 28.31), provides that an agreement to increase or reduce the price of any commodity—to prevent competition or keep the price of such commodity at a fixed or graduated figure or settle such price, or indirectly preclude a free and unrestricted competition among themselves or any purchasers or consumers in the sale of such commodity, that its price be affected, shall be unlawful, against public policy and void.

It is the duty of a court to dismiss an action based upon a contract which is contrary to public policy whenever the illegality of such contract appears. *Oscanyan* v. *Arms Company*, 103 U. S. 261 (26 L. Ed. 539). See, also, *Meek* v. *Wilson*, 283 Mich. 679, 689.

In a reply brief appellant contends that the opening statement did not disclose a void contract and that the agreement "was a good deal like a lease arrangement." A lease is a contract and would be void under the statute quoted if it was for a

purpose prohibited by law. So far as we are able to determine from this record, the arrangement between the parties was more nearly that of principal and agent, and an agency for an illegal purpose is void, just as is a contract for an illegal purpose. *McDonnell* v. *Rigney,* 108 Mich. 276.

Although the trial court entered a judgment for the defendant upon another ground, that judgment was correct and is affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.