SHEEKS v FARMERS INSURANCE EXCHANGE

Docket No. 82162. Submitted June 19, 1985, at Lansing.—Decided October 8, 1985.

William P. Sheeks, indigent and a recipient of welfare, suffered a broken leg while helping his neighbor move a boat and trailer. A board placed under the rear wheel of the neighbor's truck was flung against Sheeks's leg when the truck was accelerated. The medical care providers who treated the broken leg charged the expenses to Medicaid. Sheeks, being uninsured, looked to Farmers Insurance Exchange, the neighbor's insurer, for benefits. Farmers Insurance took the position that it need only reimburse Medicaid. Sheeks filed suit against Farmers Insurance Exchange in Livingston Circuit Court seeking medical, doctor and prescription expenses, lost wages, loss of services and transportation expenses. The court, Stanley J. Latreille, J., granted partial summary judgment in favor of plaintiff and ordered that Farmers Insurance pay the reasonable and necessary medical expenses, pursuant to the no-fault act, if there were any, over and above amounts paid to Medicaid. Farmers Insurance appealed. *Held:*

Sheeks's medical care providers must accept as payment in full the Medicaid payments from the state. The amount charged to and reimbursed by Medicaid is the reasonable charge incurred by Sheeks under the no-fault act, therefore Farmers Insurance is not responsible for any amount of the medical bills in excess of what Medicaid paid.

Reversed.

INSURANCE — NO-FAULT INSURANCE — MEDICAID.

A no-fault insurer is not responsible for medical costs in excess of

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

Am Jur 2d, Welfare Laws §§ 38-41.

Compensability under automobile no-fault or personal protection insurance, of physical care services afforded injured insured by spouse or other person in close relationship. 28 ALR4th 700.

Validity and enforceability of policy provision purporting to authorize deduction of no-fault benefits from amounts payable under uninsured motorist endorsement. 20 ALR4th 1104.

the amounts paid by Medicaid where an uninsured, medically indigent individual is treated for injuries suffered through another person's use of an insured motor vehicle; the insurer's liability is limited under the no-fault act to reimbursement of the amounts paid by Medicaid where the medical care providers are required by the Social Welfare Act to accept those amounts as payment in full for services rendered (MCL 400.111b[11], 500.3107; MSA 16.490[21b][11], 24.13107).

*Kizer & Reader, P.C.* (by *David J. Reader*), for plaintiff.

*Eugene S. Hoiby* and *Jeanne M. Vallez,* for defendant.

Before: ALLEN, P.J., and WAHLS and J. P. O'BRIEN,\* JJ.

PER CURIAM. Plaintiff commenced an action to recover medical, doctor and prescription expenses, lost wages, loss of services and transportation expenses. The trial court granted plaintiff's motion for partial summary judgment and ordered "that defendant shall be responsible for the reasonable and necessary medical expenses of the Defendant *[sic],* pursuant to the Michigan no-fault act, if any there are, over and above amounts reimbursed to Medicaid, in that the payment of the Medicaid expense itself does not satisfy the obligation of the Defendant". Finding no just cause for delay, the court entered the order as a final judgment, from which defendant appeals as of right.

Plaintiff was injured on March 26, 1983, in the course of helping his neighbor move a boat and trailer. A board placed under the rear wheel of the neighbor's truck was flung against plaintiff's leg when the truck was accelerated, and plaintiff's right leg was broken. Because plaintiff was indigent and a welfare recipient, his medical care

\* Circuit judge, sitting on the Court of Appeals by assignment.

providers charged the medical expenses to Medicaid. The payments made by Medicaid were less than what private patients would have had to pay for the same services and care. Because neither plaintiff nor anyone in his household held a no-fault insurance policy, plaintiff looked to his neighbor's insurer, the defendant, for benefits. Defendant has taken the position that it need only reimburse Medicaid and is not responsible for any amount of the medical bills in excess of what Medicaid paid.

The trial court, in granting partial summary judgment to plaintiff, stated,

"It seems to me, if you follow the *O'Donnell* case *[O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979)], what really should have happened here, if you follow the logic of that thing, is that, well, the doctors, or this plaintiff here, would be paid the amount of the medical bills less the amount of Medicaid. But I don't think that the situation really is analogous to the kind of situation that you find in *O'Donnell.*

"I really find [plaintiff's attorney's] logic, or argument, more persuasive. I think that the *Workman* case *[Workman v DAIIE,* 404 Mich 477; 274 NW2d 373 (1979)] and the facts of this situation, the undisputed facts of this situation, are such that there is no compelling reason why the insurance company should benefit from the failure of the plaintiff here to know about the fact that there was no-fault insurance coverage and then therefore the Medicaid got paid.

"If you wanted to really follow it through in a logical progression, the doctors ought to pay back Medicaid and should have paid back Medicaid, and the insurance company should therefore have paid the doctors. But the agreement between the doctors and Medicaid should not inure to the benefit of the insurance company, so they don't end up paying their full amount."

We admit that the court's "logical progression"

has a certain appeal. Nevertheless, we are persuaded that *Workman* does not require the result reached by the trial court and that the issue is properly dealt with in *Dean v Auto Club Ins Ass'n,* 139 Mich App 266; 362 NW2d 247 (1984), *lv den* 422 Mich 918 (1985), a decision that was released by this Court a little more than a month after the trial court's ruling.

In *Workman,* the Supreme Court considered MCL 500.3109(1); MSA 24.13109(1), which provides:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

The Court concluded that Medicaid benefits are not in the nature of § 3109(1) benefits "required to be provided under the laws of any state or the federal government". The Court's first basis for its holding was that an individual seeking Medicaid benefits under MCL 400.106(2); MSA 16.490(16)(2), to cover expenses for injuries arising out of an automobile accident, cannot qualify as a "medically indigent individual" where § 3107(a) no-fault personal protection insurance coverage exists. The present case is to be distinguished because plaintiff automatically qualified as a "medically indigent individual" under § 106(1)(a) of the Social Welfare Act. However, the *Workman* Court gave a further basis for its holding: the Department of Social Services is entitled to the right of either subrogation or reimbursement to the extent of Medicaid benefits paid. The Court did assume that such benefits were paid to medically *solvent* individuals, but defendant herein does not contest that reimbursement must be made in the instant case as well.

*Workman* does not control here because it addressed the insurer's responsibility for Medicaid benefits only; it did not address what personal protection insurance benefits were otherwise payable for the injury. However, this Court did consider a closely related matter in *Dean, supra,* a case where health care providers sought no-fault insurance payments in excess of Blue Cross and Blue Shield reimbursements. This Court stated,

"[Section 3157 of the no-fault act][1] represents the policy of this state that the existence of no-fault insurance *shall not* increase the cost of health care. In the context of the instant case, plaintiffs must accept the reimbursement rate prescribed by BCBSM for services rendered to patients whose injuries do *not* arise from situations covered by no-fault insurance. See MCL 550.1502; MSA 24.660(502). To seek remuneration in excess of the prescribed reimbursement rate for services rendered to 'no-fault patients' collides directly with § 3157. This conclusion results irrespective of the reasonableness of the fees sought to be recovered, since plaintiffs seek such remuneration solely on the basis of the existence of no-fault insurance." (Emphasis in original). 139 Mich App 274.

Similarly, in the instant case, plaintiff's health care providers must accept as payment in full the Medicaid payments from the state. MCL 400.111b(11); MSA 16.490(21b)(11). Accordingly, the amount charged to and reimbursed by Medicaid is the reasonable charge incurred by plaintiff under MCL 500.3107; MSA 24.13107.

Reversed.

---

[1] "A physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge a reasonable amount for the products, services and accommodations rendered. The charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance." MCL 500.3157; MSA 24.13157.