NASSER v AUTO CLUB INSURANCE COMPANY (ON REHEARING)

Docket No. 92840. Submitted January 14, 1988, at Detroit. Decided October 3, 1988. Leave to appeal applied for.

Nasr Nasser suffered injuries in an automobile accident, was hospitalized for several weeks, and received outpatient physical therapy, incurring $25,059.29 in medical expenses. Auto Club Insurance Association, with whom Nasser had contracted for full comprehensive medical expenses under a no-fault policy of insurance, received itemized billings for Nasser's expenses by July 7, 1982, but refused to pay them, claiming that the hospitalization and much of the testing performed on Nasser had been unnecessary. Nasser filed suit against Auto Club in Wayne Circuit Court on February 7, 1983, for failure to pay his medical expenses. The court, James A. Hathaway, J., granted summary disposition in favor of plaintiff, finding that Auto Club's claim of unreasonable medical expense was not a valid defense to a contract action and that only damages were at issue. Auto Club conditionally waived a jury trial. Following trial, the court awarded plaintiff $25,059.29 in medical expenses plus twelve percent judgment interest, but declined to award plaintiff penalty interest or attorney fees. Plaintiff appealed and the Court of Appeals affirmed in all respects except the denial of penalty interest, which it ordered the trial court to compute and award on remand, 169 Mich App 182 (1988). Defendant moved for rehearing, which the Court of Appeals granted.

On rehearing, the Court of Appeals *held:*

The reasonableness of medical expenses cannot be used as a defense to all liability in a no-fault accident case where at least some degree of liability is established.

The Court's previous disposition was affirmed.

INSURANCE — NO-FAULT — DEFENSES.

The reasonableness of medical expenses cannot be used as a

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

Automobile insurer's liability for statutory excess interest for delayed payments of no-fault claim. 14 ALR4th 761.

defense to all liability in a no-fault accident case where at least some degree of liability is established.

*Fieger & Fieger, P.C.* (by *Geoffrey N. Fieger*), for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Clifford Schiesel*), and *Gromek, Bendure & Thomas* (by *John A. Lydick*), of Counsel, for defendant.

ON REHEARING

Before: GILLIS, P.J., and WEAVER and G. S. ALLEN,* JJ.

WEAVER, J. On rehearing, the defendant insurer challenges this Court's previous opinion which affirmed the circuit court's order of summary disposition in plaintiff's favor, *Nasser v Auto Club Ins Ass'n,* 169 Mich App 182; 425 NW2d 762 (1988). After considering the arguments on the motion for rehearing, we find it necessary to elaborate on our previous opinion so as to prevent any possible misreading of our holdings.

Plaintiff was involved in a minor automobile accident on April 13, 1982. Upon the recommendation of Dr. Roberto Williams, the internist who examined plaintiff on the day of the accident, plaintiff was hospitalized from April 14 through April 30, 1982, from May 4 through May 21, 1982, and again from June 1 through June 18, 1982. Plaintiff also received outpatient physical therapy from May 24 through May 28, 1982. Plaintiff's medical expenses amounted to $25,059.29.

Defendant, with whom plaintiff had contracted

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

for full comprehensive medical expenses under a no-fault policy of insurance, received itemized billings for plaintiff's medical expenses by July 7, 1982. On July 10, 1982, plaintiff underwent a second examination by an orthopedic surgeon of defendant's choosing, Dr. Mitchell C. Pollak. In a letter of that date Dr. Pollak memorialized his observations of plaintiff, noting that in his opinion plaintiff was capable of returning to his job and needed no further treatment at that time.

By November 18, 1982, the defendant insurer had received the report of plaintiff's attending physician and all medical records pertaining to plaintiff's hospital stays. However, the defendant insurer refused to pay any benefits. Approximately two months later, on January 12 and January 31, 1983, Dr. Pollak wrote letters which stated for the first time that hospitalization and much of the testing performed on plaintiff had been unnecessary.

Plaintiff sued the defendant insurer on February 7, 1983, for failure to pay his medical expenses. The trial court granted summary disposition pursuant to MCR 2.116(C)(9) and (10) on the basis that defendant's claim of unreasonable medical expense was not a valid defense to liability in a contract action and that only the amount of damages was at issue.

As to reasonableness of the medical expenses which plaintiff presented as damages, defendant conditionally waived a jury trial. The trial court heard evidence on the issue of damages and awarded plaintiff $25,059.29 in medical expenses plus twelve percent judgment interest, but declined to award plaintiff penalty interest or attorney fees. Defendant appealed as of right and plaintiff cross-appealed. This Court affirmed the trial court's grant of summary disposition, its award of

judgment interest and its refusal to award attorney fees, but reversed the trial court's denial of penalty interest.

The trial court granted summary disposition in plaintiff's favor on the basis of MCR 2.116(C)(9) (failure to state a valid defense) and on the basis of MCR 2.116(C)(10) (no genuine issue of material fact). On appeal and again on rehearing, the defendant insurer asserts that it stated a valid defense to liability by relying on MCL 500.3107; MSA 24.13107.[1] Defendant also argues that the dispute over reasonableness of plaintiff's medical expenses constituted a genuine issue of material fact. We do not agree with these contentions.

Defendant does not deny that plaintiff was involved in an automobile accident and that he thereby suffered at least some injury for which at least some treatment was "reasonably necessary." Indeed, this was not asserted by Dr. Pollak, whom defendant chose for plaintiff's second examination and upon whose letters of January 12 and January 31, 1983, defendant relies for its assertion of unnecessary services.

Defendant never disputed that plaintiff was treated by Dr. Williams for injuries arising from the accident of April 13, 1982, or that plaintiff was billed $25,059.29 for his medical care, and defendant never argued that the charges for these services were excessive. Instead of attacking the reasonableness of fees incurred for the medical

---

[1] MCL 500.3107; MSA 24.13107 states in pertinent part:

Personal protection insurance benefits are payable for the following:
(a) Allowable expenses consisting of *all reasonable charges* incurred for *reasonably necessary* products, services and accommodations for an injured person's care, recovery or rehabilitation.

services rendered, defendant challenges as not "reasonably necessary" the kind and quantity of services which plaintiff's doctor chose to render, thereby arriving at the position that plaintiff never set forth "reasonable charges" and that defendant therefore never incurred liability under MCL 500.3105; MSA 24.13105.[2]

Defendant's argument begs the question of whether at least some liability existed, which it clearly did in this case and which was the issue determined pursuant to summary disposition. As plaintiff's no-fault insurer, there could be no dispute that defendant was liable for payment of at least some benefits for those injuries flowing from plaintiff's accident, because even defendant cannot deny that such injuries arose "out of the ownership, operation, maintenance or use of a motor vehicle," MCL 500.3105(1); MSA 24.13105(1).

Defendant was required to pay benefits arising out of the ownership, operation, maintenance or use of a motor vehicle within thirty days of receiving "reasonable proof" of injury and amount of loss, failure to pay giving rise to a rebuttable presumption of unreasonable refusal or undue delay. MCL 500.3142(2); MSA 24.13142(2); *Bradley v DAIIE*, 130 Mich App 34, 46; 343 NW2d 506

---

[2] MCL 500.3105; MSA 24.13105 provides:

(1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.

\* \* \*

(4) Bodily injury is accidental as to a person claiming personal protection insurance benefits unless suffered intentionally by the injured person or caused intentionally by the claimant. Even though a person knows that bodily injury is substantially certain to be caused by his act or omission, he does not cause or suffer injury intentionally if he acts or refrains from acting for the purpose of averting injury to property or to any person including himself.

(1983). Defendant did not successfully rebut this presumption, the position of alleged nonnecessity of services being weakened by the fact that not until two months after receiving all of plaintiff's documentation did defendant finally procure letters from Dr. Pollak to articulate a position of unnecessary medical expenses.

Due to the clear proof of accident and some degree of injury, defendant could not escape all responsibility or delay all payment by the mere assertion, belatedly, that it found inappropriate the choice of treatment rendered by plaintiff's doctor. Hence our conclusion that where at least some degree of liability is clear, as in this case, the reasonableness of an insured's medical expenses may not be used as a defense to all liability in a no-fault accident case.

This does not mean, however, that the clear establishment of at least some degree of liability automatically required the insurer to pay all expenses submitted by plaintiff in support of his claim, since the question of reasonableness was to be considered in determining the *extent* of liability. Liability having been established, the question of reasonableness of plaintiff's medical expenses went to the issue of damages. Although reasonableness of medical expenses is normally an issue of fact for the jury, in this case defendant waived the right to a jury trial on the issue of damages. Defendant thereby precluded a jury finding of fact as to the reasonableness of plaintiff's expenses and left it to the trial court to reject or accept defendant's contention that plaintiff's medical expenses were unnecessary and unreasonable. See *Nelson v DAIIE,* 137 Mich App 226, 231; 359 NW2d 536 (1984). When considering the issue of damages, the court was permitted to rule as a matter of law that plaintiff's medical expenses in his no-fault

case were necessary and allowable. See *Manley v DAIIE,* 425 Mich 140, 157; 388 NW2d 216 (1986).

It is understandable that defendant now regrets having chosen to waive a jury trial on the issue of damages. But in light of plaintiff's proofs that he in fact incurred the challenged expenses and was entitled to payment of at least some benefits, we cannot adopt the position, argued by defendant, that the issue of unnecessary or unreasonable medical expenses went to the question of liability.

We conclude that the insurer's defense of unreasonable medical expenses was legally insufficient to preclude *all* liability—so untenable that no factual development would have prevented plaintiff's right to at least some recovery—and the trial court properly granted summary disposition on the question of liability pursuant to MCR 2.116(C)(9). *Karaskiewicz v Blue Cross & Blue Shield of Michigan,* 126 Mich App 103, 110; 336 NW2d 757 (1983), lv den 418 Mich 882 (1983). Nor was there a genuine issue of material fact regarding the issue of liability except as to damages, since at a trial on the issue of liability defendant could not have supported its claim. Therefore the trial court properly granted summary disposition on the issue of liability pursuant to MCR 2.116(C)(10). *Tidwell v Dasher,* 152 Mich App 379, 383; 393 NW2d 644 (1986).

We find no need for further elaboration of our previous opinion as to other issues raised on appeal.

The Court's previous disposition is affirmed.