JOHNSON v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 105578. Submitted June 15, 1989, at Detroit. Decided September 19, 1989. Leave to appeal applied for.

Louis Miguel Johnson, III, was seriously injured when he was struck by a motor vehicle. The vehicle immediately left the scene of the accident. Johnson underwent medical treatment at Oakwood Hospital and Southfield Rehabilitation Hospital, incurring more than $200,000 in medical expenses over the following twelve months. Johnson was uninsured, and Michigan Mutual Insurance Company received Johnson's claim for no-fault benefits from the assigned claims facility. Michigan Mutual failed to pay Johnson's expenses, and on November 13, 1986, Johnson filed suit against Michigan Mutual in Wayne Circuit Court seeking recovery of no-fault insurance benefits. Johnson moved for summary disposition. Following a hearing on the motion, the court, Michael J. Connor, J., found that Michigan Mutual had received reasonable proof of Johnson's benefit claims but was overdue in paying them and had not rebutted the presumption that its payment delay was unreasonable. On May 26, 1987, the court ordered Michigan Mutual to pay ninety percent of any bill submitted more than sixty days prior to the hearing, but permitted Michigan Mutual to withhold ten percent to provide for any audit results that may have had an effect on the bills. The issue of attorney fees was held in abeyance. Michigan Mutual's subsequent motion for rehearing or reconsideration was denied. Oakwood Hospital, Southfield Rehabilitation Hospital, Inc., and Polyclinic Associates, P.C., were permitted to intervene as plaintiffs. Between July and August of 1987, Michigan Mutual paid, under protest, ninety percent of all bills submitted by both hospitals and Polyclinic more than sixty days prior to entry of the court's May 26, 1987, order. On September 8, 1987, Southfield Rehabilitation Hospital moved for summary disposition seeking payment of amounts still owing for which bills had been submitted more than thirty

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 et seq., 381 et seq.; Welfare Laws § 40.

See the Index to Annotations under Automobile Insurance; Medicaid; No-Fault Insurance.

days earlier, plus interest and attorney fees. Michigan Mutual filed a motion for partial summary disposition, contending, inter alia, that the amount of no-fault benefits paid or payable to the intervening health care providers should be limited, as a matter of public policy, to the amounts which would have been paid for the same or similar services had there been no no-fault remedy available to Johnson. Following a hearing, the court found that the intervening plaintiffs had standing to sue, that they had specifically pled their claims, and that they were entitled to charge a reasonable amount not exceeding the amount they customarily charged for their services and were not bound to accept the lesser payments which Medicaid would have paid had Johnson not been injured by an automobile. The court ordered Michigan Mutual to pay one hundred percent of all bills submitted and awarded Southfield Rehabilitation Hospital twelve percent interest on ninety percent of the overdue monies. The issue of attorney fees was again held in abeyance. Michigan Mutual filed a motion for rehearing and reconsideration and was permitted to file a supplemental brief and pursue discovery on the Medicaid issue. Oakwood Hospital in the meantime had filed a satisfaction of judgment and was dismissed from the action. Following a hearing on December 4, 1987, the court denied Michigan Mutual's motion, finding that Johnson had not been eligible for Medicaid benefits at the time he was treated by Southfield Rehabilitation Hospital, that the hospital had never sought reimbursement from Medicaid, and that the hospital had never agreed to accept less than its customary charges. The court granted summary disposition in favor of Southfield Rehabilitation Hospital, awarding penalty interest and again holding in abeyance the issue of attorney fees. Michigan Mutual appealed. Johnson's complaint was subsequently dismissed by stipulation and order. The Court of Appeals denied the motion of Southfield Rehabilitation Hospital to affirm the trial court's rulings.

The Court of Appeals *held:*

1. Johnson's injury was caused by an automobile, thereby entitling him to receive no-fault personal protection insurance benefits. Because he was entitled to no-fault benefits, Johnson was ineligible for Medicaid. The court did not err in ordering payment of customary hospital charges as permitted by the no-fault act instead of amounts which Medicaid would have paid had Johnson not been injured by an automobile.

2. Michigan Mutual's contention that the trial court erred in granting Johnson's motion for summary disposition, and the subsequent motion of Southfield Rehabilitation Hospital for

summary disposition, regarding Michigan Mutual's liability for payment of no-fault benefits is rejected. Johnson's complaint was dismissed by stipulation and order after Michigan Mutual filed its claim of appeal. The issue of Michigan Mutual's liability as to Johnson therefore is moot. Furthermore, Michigan Mutual was required to pay benefits within thirty days of receiving reasonable proof of injury and amount of loss, failure to pay giving rise to a rebuttable presumption of unreasonable refusal or undue delay. Michigan Mutual failed to rebut the presumption as to both Johnson and Southfield Rehabilitation Hospital.

3. The court's decision is affirmed. The matter is remanded for a determination of penalty interest owed to the intervening plaintiffs as ordered by the trial court on December 4, 1987, and for a determination of whether the intervening plaintiffs are entitled to attorney fees.

Affirmed and remanded.

1. SOCIAL SERVICES — MEDICAID — MEDICAL INDIGENCY — PERSONAL PROTECTION INSURANCE BENEFITS.

A person entitled to no-fault personal protection insurance benefits for an injury caused by an automobile is not medically indigent for purposes of the Social Welfare Act and therefore is not entitled to Medicaid assistance (MCL 400.105[1], 400.106[1][b][ii], 500.3105[1], 500.3107[a]; MSA 16.490[15][1], 16.490[16][1][b][ii], 24.13105[1], 24.13107[1]).

2. INSURANCE — NO-FAULT — HEALTH CARE PROVIDERS — REASONABLE CHARGES.

The no-fault act clearly permits health care providers rendering treatment to an injured person for an accidental injury covered by no-fault personal protection insurance to charge reasonable amounts not exceeding their customary charges for the products, services and accommodations they provide to other injured persons in cases not involving insurance (MCL 500.3157; MSA 24.13157).

3. INSURANCE — NO-FAULT — PAYMENT OF BENEFITS — TIMELINESS OF PAYMENT.

A no-fault insurer is required to pay no-fault personal protection insurance benefits within thirty days of receiving reasonable proof of injury and amount of loss; failure to pay gives rise to a rebuttable presumption of unreasonable refusal or undue delay (MCL 500.3142[2]; MSA 24.13142[2]).

*Cook, Pringle & Goetz, P.C. (by John A. Cook*

and *Peter L. Conway*), for Southfield Rehabilitation Hospital, Inc., and Polyclinic Associates, P.C.

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.* (by *Christoper L. Terry*), for defendant.

Before: MacKenzie, P.J., and Weaver and Reilly, JJ.

Per Curiam. Defendant Michigan Mutual Insurance Company appeals as of right from circuit court orders which granted summary disposition in favor of plaintiff Louis Miguel Johnson, III, granted partial summary disposition in favor of intervening plaintiffs Southfield Rehabilitation Hospital, Inc., and Polyclinic Associates, P.C., and denied defendant's motions for rehearing and reconsideration. We affirm.

I

On July 17, 1986, plaintiff Johnson was seriously injured in a pedestrian/motor vehicle accident in which the vehicle driver immediately left the scene. Plaintiff first underwent medical treatment for two months at Oakwood Hospital, incurring medical expenses in the amount of $82,112.88. During the next approximately ten months, plaintiff then received both inpatient and outpatient treatment at Southfield Rehabilitation Hospital, incurring additional medical expenses in the approximate amount of $122,526.

Because plaintiff was uninsured, the defendant insurer received plaintiff's claim for no-fault benefits from the assigned claims facility pursuant to MCL 500.3171; MSA 24.13171. When the defendant insurer did not pay plaintiff's medical expenses, plaintiff brought suit on November 13, 1986, against the defendant insurer and one of defen-

dant's adjusters, Mary Ann Pichalski, seeking recovery of no-fault insurance benefits.

At a hearing on plaintiff's motion for summary disposition brought in March of 1987, the trial court found that the defendant insurer had received reasonable proof of plaintiff's benefit claims but was overdue in paying them and that the defendant insurer had not rebutted the presumption that its payment delay was unreasonable. The trial court ordered the defendant insurer to pay ninety percent of any bill submitted more than sixty days prior to the hearing, but permitted defendant to withhold ten percent to provide for any audit results that may have had an effect on the bills. The issue of attorney fees was held in abeyance. The trial court's order was entered on May 26, 1987.

The trial court denied the defendant insurer's subsequent motion for rehearing and reconsideration. Thereafter, Oakwood Hospital and Southfield Rehabilitation Hospital were permitted to intervene. Between July and August of 1987, the defendant insurer paid, under protest, ninety percent of all bills submitted by both hospitals more than sixty days prior to entry of the May 26, 1987, order.

On September 8, 1987, Southfield Rehabilitation Hospital moved for summary disposition seeking payment of amounts still owing for which bills had been submitted more than thirty days earlier, plus interest and attorney fees. On September 11, 1987, the defendant insurer moved for partial summary disposition. At a hearing on both motions, the parties stipulated to dismissal of defendant Mary Ann Pichalski. The trial court found (1) that the intervening plaintiffs had standing to sue, (2) that the intervening plaintiffs had specifically pled their claims, and (3) that pursuant to MCL

500.3157; MSA 24.13157 the intervening plaintiffs were entitled to charge a reasonable amount not exceeding the amount they customarily charged for their services and were not bound to accept the lesser payments which Medicaid would have paid had plaintiff not been injured by an automobile. The trial court then ordered the defendant insurer to pay one hundred percent of all bills submitted and, pursuant to MCL 500.3142; MSA 24.13142, awarded Southfield Rehabilitation Hospital twelve percent interest on ninety percent of the overdue monies, noting that a hearing might be necessary to determine the amount. The issue of attorney fees was again held in abeyance.

Following the defendant insurer's further motion for rehearing and reconsideration, defendant was permitted to file a supplemental brief and to pursue discovery on the "Medicaid issue." In the interim, Oakwood Hospital filed a satisfaction of judgment and, by stipulation and order, was dismissed with prejudice and without costs, interest or attorney fees. At a hearing on December 4, 1987, the trial court denied the defendant insurer's motion on the basis that plaintiff had not been eligible for Medicaid benefits when he was treated at Southfield Rehabilitation Hospital, that the hospital had never sought reimbursement from Medicaid, and that the hospital had never agreed to accept less than its customary charges. The trial court granted summary disposition in favor of Southfield Rehabilitation Hospital, awarding penalty interest with the possibility of a later hearing to determine the amount, and again holding in abeyance the issue of attorney fees.

After the defendant insurer appealed from the trial court's orders, plaintiff Johnson's complaint was dismissed by stipulation and order. Accordingly, the only remaining parties to this action are

the intervening plaintiffs, Polyclinic and Southfield Rehabilitation Hospital, and the defendant insurer. This Court denied the motion of Southfield Rehabilitation Hospital to affirm the trial court's rulings.

II

On appeal, the defendant insurer argues that the trial court committed error requiring reversal in ordering payment of customary hospital charges instead of amounts which Medicaid would have paid had plaintiff not been injured by an automobile. We disagree with defendant's contention.

Under the Social Welfare Act, MCL 400.1 *et seq.*; MSA 16.401 *et seq.*, Medicaid assistance is made available to the "medically indigent." MCL 400.105(1); MSA 16.490(15)(1). A "medically indigent" individual is defined as one whose "need for the type of medical assistance available under this act for which application has been made has been professionally established and payment for it is not available through the legal obligation of a contractor, public or private, to pay or provide for the care without regard to the income or resources of the patient." MCL 400.106(1)(b)(ii); MSA 16.490(16)(1)(b)(ii).

Plaintiff Johnson was not medically indigent under the plain language of this statute; since his injury was caused by an automobile, plaintiff had incurred "accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." MCL 500.3105(1); MSA 24.13105 (1). Accordingly, he was entitled to receive no-fault personal protection insurance benefits pursuant to MCL 500.3107(a); MSA 24.13107(1). These benefits constituted medical assistance "available through the legal obliga-

tion of a contractor, public or private, to pay or provide for the care without regard to the income or resources of the patient," thereby rendering plaintiff ineligible for Medicaid. *Workman v DAIIE*, 404 Mich 477, 501-502; 274 NW2d 373 (1979).[1]

It is irrelevant that plaintiff would have qualified as medically indigent under the Medicaid statute had he not been injured by an automobile, since the fact remains that in this case defendant *was* injured by an automobile and his no-fault insurer was not entitled to a setoff. See *Workman, supra* at 502. Moreover, Southfield Rehabilitation Hospital denied that it ever accepted plaintiff as a "Medicaid patient" or even considered seeking reimbursement from Medicaid, and the defendant insurer produced no evidence contradicting these assertions.

Nor did the defendant insurer question the reasonableness of the hospital's charges or the necessity of services provided, but instead sought to persuade the trial court that the hospital's charges could only approximate those reimbursable by Medicaid. We find this an untenable position in light of the unambiguous statutory language of MCL 500.3157; MSA 24.13157,[2] which clearly per-

---

[1] The cases relied upon by the defendant insurer are distinguishable from the instant case. The health care providers in those cases sought and received reimbursement for medical bills from a third party other than the no-fault insurer and were bound either contractually or statutorily to accept the amounts received as payment in full. *Dean v Auto Club Ins Ass'n*, 139 Mich App 266; 362 NW2d 247 (1984), lv den 422 Mich 921 (1985); *Sheeks v Farmers Ins Exchange*, 146 Mich App 361; 379 NW2d 493 (1985).

[2] MCL 500.3157; MSA 24.13157 provides:

A physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, *may charge a reasonable amount for the products, services and accommodations ren-*

mits health care providers such as Southfield Rehabilitation Hospital to charge reasonable amounts not exceeding their customary charges for the products, services and accommodations they provide to other injured persons in cases not involving insurance.

The no-fault act was designed to afford prompt and adequate reparation for economic losses, such as medical expenses, incurred by individuals injured in motor vehicle accidents. *Shavers v Attorney General*, 402 Mich 554, 578-579; 267 NW2d 72 (1978), aff'd 412 Mich 1105 (1982). Where, as here, the language of a statute is clear and unambiguous, judicial construction is neither required nor permitted; such a statute must be applied and not interpreted, since it speaks for itself. *Van Dam v Grand Rapids Civil Service Board*, 162 Mich App 135, 138; 412 NW2d 260 (1987); *Auto Club Ins Ass'n v Hill*, 431 Mich 449, 454; 430 NW2d 636 (1988).

III

The defendant insurer also argues that the trial court erred in granting plaintiff Johnson's motion for summary disposition, as well as the later motion of Southfield Rehabilitation Hospital for summary disposition, regarding defendant's liability for payment of no-fault benefits. We note that plaintiff Johnson's complaint was dismissed by stipulation and order after the defendant insurer filed its claim of appeal. The only remaining parties to this action are the intervening plaintiffs and the defendant insurer. Accordingly, the issue

---

dered. *The charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance.* [Emphasis added.]

of defendant insurer's liability as to plaintiff Johnson is moot.

Moreover, the defendant insurer was required to pay benefits within thirty days of receiving "reasonable proof" of injury and amount of loss, failure to pay giving rise to a rebuttable presumption of unreasonable refusal or undue delay. MCL 500.3142(2); MSA 24.13142(2); *Nasser v Auto Club Ins Ass'n,* 169 Mich App 182, 186-187; 425 NW2d 762 (1988), aff'd on reh 171 Mich App 741, 745; 431 NW2d 103 (1988); *Bradley v DAIIE,* 130 Mich App 34; 343 NW2d 506 (1983). Here, the defendant insurer failed to rebut this presumption as to both plaintiff Johnson and the intervening plaintiff Southfield Rehabilitation Hospital, since defendant's arguments did not create a genuine issue of material fact as to its liability to pay at least some benefits for injuries flowing from plaintiff Johnson's 1986 accident. *Nasser v Auto Club Ins Ass'n (On Reh),* 171 Mich App 741, 745-746; 431 NW2d 103 (1988).

The trial court's decision is affirmed. The matter is remanded for a determination of penalty interest owed to the intervening plaintiffs, as ordered by the trial court on December 4, 1987, and for a determination of whether the intervening plaintiffs are entitled to attorney fees pursuant to MCL 500.3148; MSA 24.13148. We do not retain jurisdiction.