HICKS v CITIZENS INSURANCE COMPANY OF AMERICA

CHILDREN'S HOSPITAL OF MICHIGAN v CITIZENS INSURANCE COMPANY OF AMERICA

Docket Nos. 138159, 147454. Submitted February 2, 1994, at Detroit. Decided March 8, 1994, at 9:30 A.M.

Carolyn J. Hicks, individually and as next friend of LaTonya Hicks, a minor, brought an action in the Wayne Circuit Court against Citizens Insurance Company of America, seeking payment from Citizens under the no-fault act's assigned-claims plan, MCL 500.3171 *et seq.*; MSA 24.13171 *et seq.*, for medical expenses incurred as a result of treatment received at Children's Hospital of Michigan for injuries sustained by LaTonya when she was struck by an automobile. Under the impression that LaTonya and her family were indigent, the hospital billed the Department of Social Services for medical benefits to partially cover the medical expenses, and the DSS reimbursed the hospital the statutory amount allowable for the treatment. As subrogee of LaTonya, the DSS sought and received from Citizens full reimbursement of the amount that the DSS paid to the hospital. However, Citizens refused to pay the remainder of the medical bill to either LaTonya or the hospital, contending that the payment of medicaid benefits on behalf of LaTonya totally discharged her and her family from any further responsibility for payment and that, if LaTonya cannot be held responsible for the remainder, Citizens, her assigned insurer, cannot be obligated to pay that amount. The court, Cynthia D. Stephens, J., agreed and granted summary disposition for Citizens. The plaintiffs appealed (Docket No. 138159).

Children's Hospital of Michigan brought a separate action in the Wayne Circuit Court against Citizens Insurance Company of America, after the trial court's decision in Docket No. 138159, seeking payment of the remainder of LaTonya's medical bill. The court, Cynthia D. Stephens, J., granted summary disposi-

REFERENCES

Am Jur 2d, Automobile Insurance § 368.

See ALR Index under Automobile Insurance; Medicaid; Poor Persons.

tion for Citizens. The hospital appealed (Docket No. 147454). The appeals were consolidated.

The Court of Appeals *held:*

1. LaTonya was entitled to receive no-fault personal injury protection benefits under the assigned-claim plan. The availability of those benefits rendered her medically nonindigent and, therefore, ineligible for Medicaid benefits.

2. The fact that Medicaid benefits mistakenly were paid on LaTonya's behalf does not release her from responsibility for the medical expenses incurred but not paid for, nor does it bind the hospital to limit its claim to the statutory amount allowed for Medicaid benefits. Any agreement between the hospital and the DSS to make or accept payments in violation of the law is not enforceable. Citizens may not rely on that unenforceable agreement to avoid its obligation as the assigned insurer, and is obligated to pay personal injury protection benefits to or on behalf of LaTonya, including reasonable and customary medical expenses incurred by her at the hospital.

3. There was no genuine issue of material fact that Citizens was responsible for the payment of the remaining amount due on the hospital's bill. Therefore, the trial court in Docket No. 138159 erred in granting summary disposition for Citizens. The order in that case must be reversed and the case remanded to the trial court for entry of summary disposition for the plaintiffs with regard to the claim for the unpaid medical expenses.

4. The issue in Docket No. 138159 relating to the plaintiffs' request to add the hospital as a plaintiff and the issues raised in Docket No. 147454 are rendered moot by the reversal and remand in Docket No. 138159.

Reversed and remanded in Docket No. 138159.

1. INSURANCE — NO-FAULT — ASSIGNED CLAIMS — MEDICAL INDIGENCY — MEDICAID — MISTAKEN PAYMENT OF BENEFITS.

A person who is injured in an automobile accident and is entitled to receive no-fault personal injury protection benefits under the no-fault act's assigned-claims plan is not medically indigent and, therefore, is not eligible for Medicaid benefits; the mistaken payment of Medicaid benefits on the person's behalf does not release that person from responsibility for the medical expenses incurred but not paid for or bind a health care provider to limit its claim to the statutory amount allowed for Medicaid benefits (MCL 400.106[1][b][ii], 500.3107[1][a], 500.3172[1]; MSA 16.490[16][1][b][ii], 24.13107[1][a], 24.13172[1]).

2. INSURANCE — MEDICAID — NO-FAULT — ASSIGNED CLAIMS.

Any agreement between a health care provider and the Depart-

ment of Social Services to make or accept Medicaid payments in violation of the law is not enforceable; an assigned insurer under the no-fault act's assigned-claims plan may not rely on such an unenforceable agreement to avoid its obligations as an assigned insurer (MCL 500.3171 *et seq.*; MSA 24.13171 *et seq.*).

*Michael Brady* and *Jeffrey Doan,* for Children's Hospital of Michigan and LaTonya and Carolyn J. Hicks.

*Anselmi & Mierzejewski, P.C.* (by *Joseph S. Mierzejewski* and *Paul M. Ledwidge*), for Citizens Insurance Company of America.

Before: WAHLS, P.J., and REILLY and R. M. DANIELS,* JJ.

PER CURIAM. LaTonya Hicks (plaintiff), a minor, by her mother Carolyn Hicks, as her next friend, and Carolyn Hicks, individually, appeal as of right a circuit court order granting summary disposition to defendant, Citizens Insurance Company of America. (Docket No. 138159). We reverse. Because of our resolution of the issues in this case, the issues raised in the consolidated case, *Children's Hosp of Michigan v Citizens Ins Co of America* (Docket No. 147454), are rendered moot.

The facts in this case are undisputed. Plaintiff, while walking across a highway, was struck and seriously injured by an automobile driven by Woodrow Ford. No one in the Hicks family had automobile insurance, and no other automobile insurance was available to plaintiff, so the case was randomly assigned to Citizens under the assigned-claims plan, MCL 500.3171 *et seq.*; MSA 24.13171 *et seq.*, on January 31, 1989.

Plaintiff was hospitalized and treated for her injuries on two different occasions at Children's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Hospital of Michigan. Citizens paid the full amount of the bill for the first hospitalization, from September 11, 1988, until October 28, 1988, without protest. Plaintiff was also hospitalized and received outpatient treatment between December 22, 1988, and June 22, 1989. She incurred medical expenses amounting to $145,941.63 during that period.

Apparently under the impression that plaintiff and her family were indigent, Children's billed the Department of Social Services for Medicaid benefits to partially cover the medical expenses associated with the second period of treatment. The DSS, also apparently under the impression that the Hicks family was indigent, determined the statutory amount allowable for the treatment and reimbursed Children's a total of $62,497.55. As subrogee of plaintiff, the DSS then sought and received from Citizens full reimbursement of the monies that the DSS paid to Children's.

Citizens refused to pay the remainder of the medical bill to either plaintiff or the hospital, contending that payment of Medicaid benefits on behalf of plaintiff totally discharged her and her family from any further responsibility for payment for medical treatment rendered by Children's. It is Citizens position that if plaintiff cannot be held responsible for the remainder, Citizens, her assigned insurer, cannot be obligated to pay that amount. We disagree.

When plaintiff was injured in the automobile accident, she was entitled to receive no-fault personal injury protection (PIP) benefits under the assigned-claims plan. MCL 500.3172(1); MSA 24.13172(1); MCL 500.3107(1)(a); MSA 24.13107(1)(a). The availability of those benefits rendered the plaintiff medically nonindigent and, therefore, ineligible for Medicaid benefits. MCL 400.106(1)(b)(ii);

MSA 16.490(16)(1)(b)(ii); *Johnson v Michigan Mutual Ins Co,* 180 Mich App 314, 320-321; 446 NW2d 899 (1989). See also *Workman v DAIIE,* 404 Mich 477, 501-502; 274 NW2d 373 (1979).

The fact that, with hindsight, Medicaid benefits were mistakenly paid on plaintiff's behalf does not release plaintiff's responsibility for the medical expenses incurred but not paid for, nor does it bind Children's to limit its claim to the statutory amount allowed for Medicaid benefits. *Botsford General Hosp v Citizens Ins Co,* 195 Mich App 127; 489 NW2d 137 (1992). Any agreement between Children's and the DSS to make or accept payments in violation of the law is not enforceable. See *Meek v Wilson,* 283 Mich 679; 278 NW 731 (1938); *Mulliken v Naph-Sol Refining Co,* 302 Mich 410; 4 NW2d 707 (1942); *Gibson v Martin,* 308 Mich 178; 13 NW2d 252 (1944). Citizens may not rely on that unenforceable agreement to avoid its obligations as the assigned insurer. Therefore, Citizens is obligated to pay PIP benefits to or on behalf of plaintiff, including reasonable and customary medical expenses. MCL 500.3112; MSA 24.13112; *Commire v Automobile Club of Michigan Ins Group,* 183 Mich App 299, 302; 454 NW2d 248 (1990). Consequently, Citizens is required to pay plaintiff for the reasonable and customary medical expenses incurred by her at Children's. *Botsford, supra.*[1]

Although the DSS has been made whole by Citizens' payment to the DSS, and Children's has been paid $62,497.55 towards plaintiff's bill, $83,444.08 is still due and owing by plaintiff to Children's. Plaintiff submitted an affidavit from the director of patient accounting for Children's stating that the

[1] Although the trial court relied on *Sheeks v Farmers Ins Exchange,* 146 Mich App 361; 379 NW2d 493 (1985), in making its ruling, we are bound by and agree with the decision in *Botsford, supra,* rendered after the trial court's decision. Administrative Order No. 1990-6.

charges for the second period of treatment were customary charges for hospital services. Citizens did not dispute that affidavit, submit a counteraffidavit, or challenge the reasonableness of the bill. Therefore, there was no genuine issue of material fact and plaintiff was entitled to summary disposition as a matter of law. MCR 2.116(C)(10). Citizens is responsible for the payment of the remaining amount due on Children's bill. Because the trial court in Docket No. 138159 erred in granting summary disposition to Citizens, we reverse and remand for entry of summary disposition in favor of plaintiff on her claim for the unpaid medical expenses for the second period of treatment at Children's.

In view of this ruling, the issue in Docket No. 138159 relating to the plaintiffs' request to add Children's as a plaintiff, and the issues raised in the consolidated case, *Children's Hosp of Michigan v Citizens Ins Co of America,* are rendered moot.

Reversed and remanded in Docket No. 138159.