*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LINDA TRENT,

       Plaintiff-Appellant,

v

BRISTOL WEST PREFERRED INSURANCE
COMPANY,

       Defendant/Third-Party Plaintiff-
       Appellee,

and

TIFFANY MARIE KACZOROWSKI and LOUIS
CLIFTON BURDEN,

       Defendants,

and

FRANKENMUTH MUTUAL INSURANCE
COMPANY.

       Third-Party Defendant-Appellee

UNPUBLISHED
September 22, 2022

No. 357787
Wayne Circuit Court
LC No. 19-002018-NI

Before: CAVANAGH, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

       In this action under Michigan's no-fault act, MCL 500.3101 *et seq*., plaintiff, Linda Trent, appeals by leave granted[1] the trial court's order granting defendant/third-party plaintiff's, Bristol

---

[1] *Trent v Bristol West Preferred Ins Co*, unpublished order of the Court of Appeals, entered November 17, 2021 (Docket No. 357787).

West Preferred Insurance Company's (Bristol West), motion for partial summary disposition on reconsideration. We reverse and remand.

## I. BACKGROUND

While a passenger in a motor vehicle driven by her niece, defendant Tiffany Kaczorowski, plaintiff suffered injuries when the vehicle was hit from behind by defendant Louis Clifton Burden, after Kaczorowski stopped the vehicle on the highway. It is undisputed plaintiff had a valid motor vehicle insurance policy through Bristol West at the time of the accident, and was also a Medicaid recipient. After the accident, plaintiff was admitted to the hospital, complaining of neck and back pain, and eventually underwent spinal surgery.

Plaintiff filed a complaint alleging negligence against both Burden and Kaczorowski. Plaintiff also alleged counts against Bristol West for personal injury protection (PIP) benefits and underinsured motorist benefits.[2] Plaintiff incurred medical costs, the majority of which Bristol West refused[3] to pay, contending the injuries were preexisting and not a result of the motor vehicle accident. Because Bristol West did not pay, plaintiff's Medicaid policy paid the Medicaid-reimbursement rate of $42,201.35 of the $516,871.58 in medical bills.

Bristol West moved for partial summary disposition, arguing there was no genuine issue of material fact that plaintiff did not incur the medical providers' bills because the expenses were billed to Medicaid. Bristol West also asserted that according to its medical examiner, Phillip Friedman, M.D., plaintiff's medical bills resulted from preexisting injuries, not the motor vehicle accident at issue. Plaintiff responded, arguing that she remained liable for the remainder of the medical providers' bills because Bristol West refused to pay the remainder of the bills not covered by Medicaid. The trial court denied Bristol West's motion, concluding that it was possible plaintiff could still be held liable for the remainder of the medical bills.

Bristol West moved for reconsideration, arguing again that it should be released from liability for the claims paid by Medicaid, emphasizing that because plaintiff was a Medicaid recipient, her health care providers must accept the Medicaid payments as payment in full, and may not seek any reimbursement from plaintiff, which should also release Bristol West from any liability. Plaintiff responded, arguing that Medicaid was the insurer of last resort, and Bristol West was ahead of Medicaid in priority, leaving plaintiff vulnerable if plaintiff's providers tried to collect above the Medicaid-billed rate. On reconsideration, the trial court admitted it "failed to

---

[2] Plaintiff's complaint for underinsured motorist benefits was dismissed through a stipulated order. Kaczorowski and Burden are also not parties to this appeal; stipulated orders dismissed claims against them.

[3] In August 2019, Bristol West moved to file a third-party complaint against third-party defendant, Frankenmuth Mutual Insurance Company (Frankenmuth), because plaintiff lived with a family member who was insured by Frankenmuth. Bristol West argued Frankenmuth was equal in priority to Bristol West, and was liable for PIP benefits paid to plaintiff, under the no-fault law, citing *Mich Mut Ins Co v Allstate Ins Co*, 426 Mich 346; 395 NW2d 192 (1986). Frankenmuth also filed an answer to plaintiff's brief on appeal.

pay adequate attention to the authorities cited in the original motion[,]" and granted Bristol West's motion for partial summary disposition, adopting Bristol West's reasoning. Plaintiff timely sought leave to appeal to this Court, which was granted.

## II. STANDARD OF REVIEW

This Court reviews a grant of summary disposition de novo. *Williams v AAA Mich*, 250 Mich App 249, 257; 646 NW2d 476 (2002). Summary disposition is only appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

> A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. The moving party must specifically identify the matters that have no disputed factual issues, and it has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The party opposing the motion then has the burden of showing by evidentiary materials that a genuine issue of disputed material fact exists. [*Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440-441; 814 NW2d 670 (2012) (internal citations omitted).]

A ruling on a motion for reconsideration is reviewed for an abuse of discretion. *Corporan v Henton*, 282 Mich App 599, 605-606; 766 NW2d 903 (2009). "An abuse of discretion occurs when the decision results in an outcome failing outside the range of principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

## III. LAW AND ANALYSIS

On appeal, plaintiff argues that the trial court erred when it granted Bristol West's motion for reconsideration and partial summary disposition, improperly limiting Bristol West's obligation to pay medical expenses plaintiff—a Medicaid recipient—incurred as a result of a motor vehicle accident. We agree.

As this Court held in *Hicks v Citizens Ins Co of America*, 204 Mich App 142, 145-146; 514 NW2d 511 (1994), a person who is entitled to receive PIP benefits under the no-fault act is medically nonindigent, and thus, ineligible for Medicaid benefits. The applicable Medicaid statute, MCL 400.106(1)(b)(*ii*), provides:

> A payment may be withheld under this act for medical assistance for an injury or disability for which the individual is entitled to medical care or reimbursement for the cost of medical care under [the no-fault act] or under another policy of insurance providing medical or hospital benefits, or both, for the individual unless the individual's entitlement to that medical care or reimbursement is at issue.

In the *Hicks* case, an injured claimant who was eligible for PIP benefits received medical care and incurred significant medical bills for her automobile accident-related injuries. *Hicks*, 204 Mich App at 145. The hospital where treatment was rendered was paid by the automobile insurer for one period of medical treatment but not for a second period of medical treatment. *Id*. at 144-

145. The hospital assumed that the injured claimant was indigent and sought payment from the Department of Social Services (DSS) for Medicaid benefits to partially cover the expenses associated with the second period of treatment. *Id*. at 145. The DSS paid the hospital the statutory amount allowed—which was less than half of the bill—but then sought reimbursement from the automobile insurer and the insurer paid the amount sought by DSS. However, the automobile insurer refused to pay the remainder of the hospital's medical bill, arguing that since the payment of Medicaid benefits by DSS to the hospital totally discharged the injured claimant from further financial responsibility, the automobile insurer also was not obligated to pay the outstanding amount. *Id*. This Court disagreed with that argument, holding that because no-fault benefits were available, the claimant was not eligible for Medicaid benefits. *Id*. at 145-146. Moreover, the fact that Medicaid benefits were mistakenly paid by DSS did not release the injured claimant's responsibility for the medical expenses incurred but not paid for, and further, did not bind the hospital to limit its claim to the statutory amount allowed for Medicaid benefits. *Id*. at 146.

Bristol West argues that this case is distinguishable from *Hicks* because Bristol West disputes whether the billings submitted to Medicaid were for services related to this motor vehicle accident, where, in *Hicks*, there was no such dispute. Bristol West supports its assertion—that the medical expenses incurred by plaintiff were unrelated to the accident—with a report from its insurance medical examiner, Friedman, who opined that plaintiff's pain was because of a degenerative condition and was not related to the auto accident.

It is undisputed in this case that plaintiff was a Medicaid recipient, and Medicaid became the only source to cover medical bills when Bristol West refused to pay. However, plaintiff argues, her medical treatment was required because of injuries sustained in a motor vehicle accident, and therefore, Medicaid is not the primary payor of medical benefits. That is, she would not be considered medically indigent because she had no-fault insurance to pay her medical expenses. As set forth in MCL 400.106(1)(b)(*ii*), and following this Court's reasoning in *Hicks*, plaintiff is correct.

The issue here is whether plaintiff was medically indigent with respect to the medical costs incurred in this case. The resolution of the issue depends on whether plaintiff's medical bills arose from or are attributable to injuries received in the motor vehicle accident. This is a question of fact for the fact-finder—in this case, a jury. If plaintiff prevails, she is entitled to PIP benefits under the no-fault act and is medically nonindigent. As a medically nonindigent person, plaintiff would not be protected by the Medicaid statutes because of the availability of PIP benefits. Plaintiff's no-fault insurer would be liable for PIP benefits, including medical expenses.

But if plaintiff's medical expenses are determined by the jury to be attributable to a preexisting condition unrelated to the motor vehicle accident, Medicaid must cover those costs because plaintiff would be considered medically indigent. And medical providers are required to accept the amount paid by Medicaid on behalf of a medically indigent person as payment in full. See MCL 400.111b(14). In other words, a provider is prohibited from "balance billing" a patient who is medically indigent. See *Auto-Owners Ins Co v Compass Healthcare PLC*, 326 Mich App 595, 619 n 8; 928 NW2d 726 (2018), (BOONSTRA, P.J., concurring).

Because a genuine issue of material fact exists as to whether the medical expenses incurred by plaintiff arose from injuries she sustained in the February 15, 2018 motor vehicle accident—

and thus whether plaintiff is medically indigent or medically nonindigent—the trial court erred when it granted summary disposition on reconsideration in favor of Bristol West.

Reversed and remanded for further proceedings consistent with this opinion. Plaintiff is entitled to costs as the prevailing party. See MCR 7.219(A). We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates