NASSER v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 84510. Argued November 9, 1989 (Calendar No. 13). Decided June 26, 1990.

Nasr Nasser brought an action in the Wayne Circuit Court against Auto Club Insurance Association, his no-fault insurer, seeking payment of medical expenses incurred as a result of injuries sustained in a minor automobile accident. The plaintiff alleged breach of the no-fault insurance contract and emotional harm caused by the defendant's refusal to pay benefits. The association claimed that much of the treatment and testing of the plaintiff was unnecessary. The court, Richard P. Hathaway, J., granted the plaintiff's motion in limine to bar reference during trial to other insurance coverage, citing the collateral source rule and MRE 403, and the plaintiff's motion for summary disposition for failure to state a valid defense and because there was no genuine issue of material fact to be resolved. Following a bench trial of the issue of damages, the court awarded the plaintiff the amount claimed as contract damages, attorney fees, and postcomplaint interest, finding his expenses to be reasonable and necessary, but declined to award damages on the basis of the defendant's refusal to pay benefits or penalty interest. The Court of Appeals, GILLIS, P.J., and WEAVER and G. S. ALLEN, JJ., affirmed the trial court's grant of summary disposition, but reversed its refusal to grant penalty interest, concluding that the reasonableness of medical expenses cannot be used as a defense to liability in a no-fault case. On rehearing, the Court affirmed (Docket No. 92840). The defendant appeals.

In an opinion by Justice BOYLE, joined by Chief Justice RILEY and Justices LEVIN, BRICKLEY, CAVANAGH, and GRIFFIN, the Supreme Court *held*:

The decision of the Court of Appeals is reversed, and the case is remanded to the trial court for a new trial of the plaintiff's

REFERENCES

Am Jur 2d, Automobile Insurance §§ 359, 360, 362-365, 368,

Admissibility of evidence that injured plaintiff received benefits from a collateral source, on issue of malingering or motivation to extend period of disability. 47 ALR3d 234.

breach of contract claim. The trial court improperly granted summary disposition with regard to the insurer's liability. The reasonableness and necessity of the particular expenses incurred by the plaintiff are relevant to the question of the defendant's liability under § 3107 of the no-fault act. MCL 500.3107; MSA 24.13107. The defendant stated a valid defense to the plaintiff's breach of contract claim, and genuine questions of material fact existed with respect to its liability. On remand, the trial court should reconsider the admissibility of the evidence regarding the plaintiff's collateral sources of insurance coverage in light of the exception to the general rule of exclusion, where the evidence is offered to prove the plaintiff's malingering or motivation to extend the period of disability rather than in mitigation of damages.

1. The plaintiff's claim that his motion for summary disposition was intended to resolve only the question of the defendant's liability for interest on overdue payments must be rejected. The record establishes that while the plaintiff alleged entitlement to penalty interest, he contended that the defendant failed to state a defense to liability for the payments themselves. The mere denial of liability itself is a valid defense. It is not rendered invalid for purposes of a motion for summary disposition by the fact that the defense ultimately might prove unsuccessful or that it ultimately might be found not to present a genuine issue of material fact to be resolved at trial.

2. Under § 3107, an insurer is liable to pay personal injury protection benefits only for allowable expenses, consisting of all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation. An insurer is not liable for any medical expense that is not reasonable or reasonably necessary. The plain and unambiguous language of § 3107 makes both reasonableness and necessity explicit and necessary prerequisites to a claimant's recovery and thus renders their absence a defense to the insurer's liability. The burden of proof lies with the plaintiff. Where a plaintiff is unable to show that a particular, reasonable expense has been incurred for a reasonably necessary product or service, there can be no finding of a breach of the insurer's duty to pay, and thus no finding of liability with regard to that expense. The Court of Appeals misconstrued § 3107 as a damages provision, rather than a liability provision. The question of the defendant's liability for particular expenses remained one of fact to be determined at trial.

3. The collateral source rule bars evidence of other insurance

coverage when introduced for the purpose of mitigating damages. The bar is not absolute, however. Such evidence may be admitted, within the discretion of the trial court, to prove malingering or motivation on the plaintiff's part not to resume employment or to extend the disability. Once it is determined that the evidence is being offered for a competent purpose, the trial court must determine whether, even though relevant, it nonetheless should be excluded as being more prejudicial than probative. In this case, the defendant sought admission of evidence of other insurance coverage to prove the plaintiff's motive for his protracted hospitalizations and extensive medical testing and treatment. The trial court's decision on the plaintiff's motion to exclude the evidence was summary, and on remand the court should reconsider the defendant's argument that the collateral source evidence is offered to prove malingering or exaggeration by the plaintiff, rather than in mitigation of damages.

Reversed and remanded for a new trial.

Justice ARCHER, dissenting, stated that the trial court correctly granted the plaintiff's motion in limine and motion for summary disposition. The no-fault act does not preclude an insurer from disputing the validity of a personal protection injury claim. The plaintiff was entitled to interest under § 3142(3) of the no-fault act because the plaintiff's personal injury protection benefits were overdue. He was not entitled to attorney fees under § 3148 because the defendant reasonably and in good faith disputed the validity of his claim for allowable expenses under § 3107.

An insurer's reasonable and bona fide refusal to pay PIP benefits is no defense to a claim that any PIP benefits owed are overdue under § 3142(2) where the insurer has received reasonable proof documenting the fact of injury and the expenses incurred. The no-fault act provides that no-fault insurers must pay first-party PIP benefits without regard to fault as loss accrues, i.e., when allowable expenses are incurred, not when bodily injury occurs. Allowable expenses consist of all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation. When the insured claims that any PIP benefits owed are overdue, the only issue under § 3142(2) is whether the insurer has been presented with reasonable proof supporting the insured's claim that an injury has in fact occurred and that a specific loss has accrued. Where reasonable proof is supplied, the question whether the treatment was

unnecessary or the expense unreasonable is simply irrelevant with regard to whether the claim is overdue.

The reasonableness of an insurer's refusal to pay PIP benefits is a defense, but only to a claim for attorney fees under § 3148. Once an insurer has been presented with reasonable proof of the fact of injury and the loss incurred, and a plaintiff seeks to establish merely that whatever PIP benefits he may be entitled to, if any at all, are overdue under § 3142(2) the defense is irrelevant.

No-fault insurers clearly have the right to contest claims for expenses not allowable under § 3107 and are not subjected to a strict liability standard. In this case, Auto Club presented its defense that the plaintiff's treatment was unnecessary and the expenses incurred unreasonable to the trial court, which expressly found that the plaintiff's medical treatment was necessary, that the expenses incurred were reasonable and that, as a matter of law, the plaintiff's PIP benefit payments were overdue. The defendant had the opportunity to raise its defense that the plaintiff incurred no allowable expense within the meaning of § 3107 and to show that the treatment was unnecessary and the expenses unreasonable.

169 Mich App 182; 425 NW2d 762 (1988) reversed.

171 Mich App 741; 431 NW2d 103 (1988) reversed.

1. INSURANCE — NO-FAULT — ALLOWABLE EXPENSES.

An insurer is liable to pay personal injury protection benefits only for allowable, i.e., reasonable and necessary, expenses; reasonableness and necessity are prerequisites to a claimant's recovery, and their absence is a defense to an insurer's liability; the burden of proof lies with the plaintiff: Where a plaintiff is unable to show that a particular, reasonable expense has been incurred for a reasonably necessary product or service, there can be no finding of a breach of the insurer's duty to pay, and thus no finding of liability with regard to that expense (MCL 500.3107; MSA 24.13107).

2. INSURANCE — NO-FAULT — COLLATERAL SOURCE.

Evidence of other insurance may be admitted, in the discretion of the trial court, to prove malingering or motivation on the part of the insured not to resume employment or to extend disability; once it is determined that the evidence is being offered for a competent purpose, the trial court must determine whether, even though relevant, the evidence nonetheless should be excluded as being more prejudicial than probative (MRE 403).

*Fieger & Fieger, P.C.* (by *Geoffrey N. Fieger*), for the plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Clifford W. Schiesel*); (*John A. Lydick,* of counsel), for the defendant.

Amici Curiae:

*Collins, Einhorn & Farrell, P.C.* (by *Noreen L. Slank*), for Aetna Life & Casualty Company.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin* and *Robert D. Goldstein*), for Allstate Insurance Company, American Fellowship Mutual Insurance Company, Auto-Owners Insurance Company, Citizens Insurance Group, Farmers Insurance Exchange, Frankenmuth Mutual Insurance Company, Meridian Mutual Insurance Company, Michigan Association of Insurance Companies, Michigan Catastrophic Claims Association, Michigan Mutual Insurance Company, State Farm Mutual Automobile Insurance Company, and Transamerica Insurance Company.

BOYLE, J. We granted leave to appeal in this first-party action to recover no-fault benefits to determine whether the trial court properly granted plaintiff's motion for summary disposition on the basis that the reasonableness and necessity of medical expenses incurred by plaintiff did not affect defendant's liability for those expenses under § 3107 of the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* We also consider whether the trial court properly concluded that the collateral source rule applied in this case to preclude any evidence of other insurance benefits that plaintiff may have received or been entitled to receive. The Court of Appeals affirmed the decision of the trial court with regard to both issues. We now reverse the decision of the Court of Appeals.

I

### FACTS AND PROCEEDINGS

On April 13, 1982, plaintiff Nasser was involved in an apparently minor automobile accident in a shopping mall parking lot. That afternoon, complaining of pain in his head, neck, chest, shoulder, and both upper and lower back, as well as blurred vision and nausea, he sought medical treatment from Dr. Roberto William, an internist. Dr. William admitted plaintiff to Kirwood Hospital on the following day, April 14, 1982, where he remained until April 30, 1982. Dr. William later hospitalized plaintiff a second time, from May 4 through May 21, 1982, and then again from June 1 through June 18, 1982. All told, plaintiff spent fifty days in the hospital as a result of this parking lot accident.

During the three months he was treated by Dr. William, plaintiff underwent a battery of medical tests, all of which returned negative results, except one that indicated that plaintiff had an abnormally slow heartbeat. He also received physical therapy and other treatments, including pelvic traction, during this time. Immediately following his discharge from the third hospitalization, plaintiff returned to work. He sought no further treatment from Dr. William.

Plaintiff's medical expenses as a result of this accident totaled $25,059.29. He applied for no-fault benefits after his first hospitalization, on or about April 30, 1982. Defendant requested an independent examination of plaintiff by a physician of its choice. On July 10, 1982, after plaintiff's final hospitalization, he was examined by defendant's doctor, Dr. Mitchell Pollak, who pronounced him able to return to work and in need of no further treatment. After a further examination of Dr.

William's report and plaintiff's other records, at
defendant's request, Dr. Pollak later submitted his
own reports, dated January 12 and January 31,
1983, stating that in his belief all three instances
of hospitalization and much of the treatment and
testing performed on plaintiff had been unneces-
sary. On the basis of this opinion, defendant re-
fused to pay any benefits.

In February, 1983, plaintiff filed this first-party
action, alleging both a breach of the no-fault insur-
ance contract and intentional and outrageous con-
duct on defendant's part causing him emotional
harm. Defendant answered by denying any liabil-
ity for plaintiff's expenses; its eventual position
was that the expenses were unreasonable, unnec-
essary, and undocumented.

Prior to trial, plaintiff filed two motions, which
were heard on the scheduled date of trial. The first
was a motion in limine to bar reference to other
insurance coverage.[1] The trial court granted this
motion, citing the collateral source rule and MRE
403. The second motion was for summary disposi-
tion on the merits of both claims. In his written
motion, plaintiff relied on MCR 2.116(C)(9), failure
to state a valid defense. According to plaintiff,
defendant was "estopped" to claim that any expen-
ses were not reasonably or necessarily incurred,
since it had waited more than six months after the
bills were submitted to review plaintiff's medical
records. More substantively, however, plaintiff ar-
gued that defendant had no legal basis for claim-
ing that the expenses were not reasonable and
necessary, since a mere assertion by its expert
that he would have treated plaintiff differently is

[1] Defendant thought that plaintiff had received duplicate medical
benefits from Blue Cross and Blue Shield, and was covered under
perhaps as many as four other insurance policies as well. See below,
*post,* pp 58-63.

insufficient "as a matter of law" to preclude liability. As plaintiff argued in his brief in support of the motion, summary disposition should have been granted pursuant to MCR 2.116(C)(9),

> for the reason that a defense predicated solely upon the word of one physician against another that he would not have performed the same medical care and treatment does not, as a matter of law, render such treatment unreasonable pursuant to statute so as to permit the insurer to deny or otherwise avoid personal insurance protection or medical payments.

At oral argument, plaintiff amended his written motion to claim additionally that there was no genuine issue of fact to be resolved with respect to liability, and that he was therefore entitled to summary disposition pursuant to MCR 2.116(C)(10). On this point, plaintiff essentially restated his argument that a mere assertion by defendant's expert that there were alternative methods of treatment available cannot defeat plaintiff's claim.

Defendant responded that it had raised a valid defense to plaintiff's claim by challenging the reasonableness and necessity of the expenses under § 3107 of the no-fault statute, which provides that an insurer is liable only for "reasonable charges incurred for reasonably necessary products [and] services." Defendant also argued that there were issues of fact to be resolved with respect to liability, since "[w]hether in fact these services, etc., are reasonable and necessary is most definitely a question of fact for the jury to decide."

The trial court granted plaintiff's motion for summary disposition on both grounds. It found initially that challenging the reasonableness and necessity of the medical expenses was not a "valid

defense to a contract action," or to plaintiff's claim of emotional distress, since those considerations went to the issue of damages, not liability. For the same reason, it found that this stated defense also failed to establish any genuine issue of fact regarding liability. The court did indicate, however, that it was willing to let the issue of damages go to the jury.

Apparently believing that the trial court would allow it to contest, under the title "damages," only the reasonableness of the actual charges for particular products and services and not their necessity as well, defendant indicated that it was willing to waive its right to a jury trial and allow the trial court to hear the evidence on damages. It made clear, however, that it considered this waiver "conditional," and that it intended to appeal the trial court's ruling regarding its liability under § 3107; if it prevailed, it would seek a jury trial on all issues. The trial court agreed that defendant's request for a jury trial would be "reserved."

The issue of damages was then tried, largely on the strength of the depositions of the two physicians. The trial court found for plaintiff in the amount claimed as contract damages, $25,059.29. In so ruling, the court arguably found the expenses not only reasonable, but also necessary.[2] The trial court did not award damages on the basis of defendant's "intentional" and "outrageous" conduct, although it did award plaintiff attorney fees

---

[2]  I do believe that, after reading the deposition of Dr. Pollack [sic], who, basically, through his deposition enlightened the Court that he would have given different types of medical treatment, *I do not believe that the medical treatment rendered to this particular plaintiff was unreasonable medical treatment, but I do believe it to be reasonable.*

I do also believe that the amount of medical expenses that were incurred to this plaintiff in the amount of $25,059.29 were, in fact, reasonable. [Emphasis added.]

under MCL 500.3148; MSA 24.13148 and statutory postcomplaint interest pursuant to MCL 600.6013; MSA 27A.6013. It also declined to award plaintiff interest pursuant to MCL 500.3142; MSA 24.13142, the provision of the act providing penalty interest for overdue payments.

Defendant appealed in the Court of Appeals, which, in June, 1988, affirmed the trial court's grant of summary disposition, but reversed its refusal to grant penalty interest under § 3142.[3] 169 Mich App 182; 425 NW2d 762 (1988) (*Nasser I*). The Court first addressed defendant's contention that it had presented a valid defense to plaintiff's breach of contract claim. The Court disagreed, concluding that "[t]he reasonableness of medical expenses cannot be used as a defense to liability in a no-fault accident case." *Id.*, p 186. It relied on "[s]trong policy considerations" to support its conclusion:

> [A]n accident victim would be held to an impossible standard of medical knowledge if required to determine that his or her doctor's orders were "reasonably necessary" before accepting treatment. Therefore the defense of reasonableness as to plaintiff's medical expenses was legally insufficient—so untenable that no factual development would have prevented plaintiff's right to recovery —and the trial court properly granted summary disposition pursuant to MCR 2.116(C)(9). *Karaskiewicz v Blue Cross & Blue Shield of Michigan,* 126 Mich App 103, 110; 336 NW2d 757 (1983), lv den 418 Mich 882 (1983). [*Id.*]

---

[3] Plaintiff had cross appealed the trial court's refusal to grant interest pursuant to § 3142. The Court of Appeals concluded that such interest was mandatory so long as plaintiff had submitted timely reasonable proof of injury and the amount of loss sustained, citing *Bradley v DAIIE,* 130 Mich App 34; 343 NW2d 506 (1983).

Plaintiff did *not,* however, appeal the trial court's failure to find damages on the basis of the defendant's "outrageous" conduct in refusing to pay the expenses.

The Court also rejected the defendant's argument that summary disposition should not have been granted pursuant to MCR 2.116(C)(10) because the dispute over the reasonableness and necessity of plaintiff's medical expenses constituted a genuine issue of fact. It essentially adopted the position of the trial court that the question of reasonableness went not to the issue of *liability*, but rather to the issue of *damages:*

> The disagreement over the reasonableness of the medical expenses did not constitute a genuine issue of material fact. Defendant never disputed that plaintiff was treated by Dr. Williams [sic] for injuries arising from the accident of April 13, 1982, or that plaintiff was billed $25,059.29 for his medical care, and defendant never argued that the charges for these services were excessive. As plaintiff's no-fault insurer, defendant was *liable for payment of benefits for plaintiff's injuries,* because such injuries arose "out of the ownership, operation, maintenance or use of a motor vehicle," MCL 500.3105(1); MSA 24.13105(1). Defendant was required to pay such benefits within thirty days of receiving "reasonable proof" of injury and amount of loss, failure to pay giving rise to a rebuttable presumption of unreasonable refusal or undue delay. MCL 500.3142(2); MSA 24.13142(2); *Bradley v DAIIE,* 130 Mich App 34, 46; 343 NW2d 506 (1983).
>
> *As there was no issue of liability, there were no genuine issues of material fact except as to the amount of damages, and the question of reasonableness went not to the issue of liability but to the issue of damages.* [*Id.,* pp 186-187. Emphasis added.]

The Court concluded, however, that defendant had waived its right to a jury trial on the damages question, and that the trial court had thus properly ruled, "as a matter of law," that the medical expenses were both reasonable and necessary.

Defendant moved for rehearing, which was granted in September, 1988. In October, 1988, the Court issued a second opinion "clarifying" the first, but again affirming the trial court's disposition of the case. 171 Mich App 741; 431 NW2d 103 (1988) (*Nasser II*). *Nasser II* did not repudiate any part of the Court's earlier opinion, but merely explained in greater detail its initial conclusion that defendant had not stated a valid defense to the breach of contract claim. The Court determined that defendant's argument "beg[ged] the question of whether *at least some* liability existed, which it clearly did in this case and which was the issue determined pursuant to summary disposition." *Id.,* p 745. (Emphasis added.) Given this clear proof that there had been an accident and at least *some* degree of injury, defendant could not be allowed to defend on the general basis that the expenses were unreasonable or unnecessary. As stated by the Court,

> [W]here at least some degree of liability is clear, as in this case, the reasonableness of an insured's medical expenses may not be used as a defense to all liability in a no-fault accident case. [*Id.,* p 746.]

The Court also reiterated its belief that there was no question of fact in this case, at least with regard to liability, and again noted that defendant would have reached a jury on the reasonable and necessity issues in a trial on damages. Since it had waived that right, however, the trial court properly made the determination as a matter of law. The Court ultimately affirmed the substance of its earlier opinion, stating that "we cannot adopt the position, argued by defendant, that the issue of unnecessary or unreasonable medical expenses went to the question of liability." *Id.,* p 747.

II

## MOTION FOR SUMMARY DISPOSITION

### A

We reject plaintiff's claim that his motion for summary disposition was intended to resolve, preliminarily, only the question of defendant's liability for interest on overdue payments under § 3142 of the act in the event it was determined at trial that defendant in fact had breached its duty to pay under the contract. A thorough review of the record clearly establishes that, while plaintiff's motion contains allegations that the defendant failed to pay benefits within thirty days, thus "violating" § 3142 and entitling plaintiff to penalty interest on any payments found to be due, plaintiff's primary contention throughout the motion was that defendant had failed to state a defense to liability for the expenses themselves. The defendant insurer defended against the motion as though it were a motion to determine the merits of these claims, and both the trial court and the Court of Appeals treated it as such.[4]

Perhaps the best evidence that the motion for summary disposition was not as limited as plaintiff suggests, and was not treated by the lower courts, particularly the trial court, as such, is plaintiff's own proposed finding of damages, apparently prepared by counsel on March 21, 1986, three days *after* the March 18, 1986, hearing on the motion for summary disposition and the bench trial that followed, and filed the day *before* the trial court

[4] We note, however, that Justice ARCHER's dissenting opinion adopts the position taken by plaintiff with respect to the posture of this case. While we cannot quarrel with many of the propositions stated by Justice ARCHER, we find that they are of little or no relevance to our resolution of this case in light of our vastly different reading of what actually happened in the courts below.

announced its decision on damages. Plaintiff states:

> This Honorable Court has, by way of summary disposition, previously found Defendant *liable* to Plaintiff *for expenses incurred* by Plaintiff as a result of medical treatment rendered following a motor vehicle accident. Subsequent to the grant of summary disposition, and after waiver of a trial by jury *as to damages incurred,* this Court held an evidentiary hearing. Plaintiff submits this Proposed Finding of Damages as to the issue of amount of damages. [Emphasis added.]

Plaintiff clearly recognizes by this statement that the trial court granted summary disposition with regard to defendant's liability for the medical expenses themselves, not simply the interest on those expenses should it later be determined that defendant was liable to pay them.

B

The primary basis for the trial court's grant of summary disposition was MCR 2.116(C)(9), failure to state a valid defense. That rule provides, in full:

> (C) Grounds. The motion [for summary disposition] may be based on one or more of these grounds, and must specify the grounds on which it is based:
>
> \* \* \*
>
> (9) The opposing party has failed to state a valid defense to the claim asserted against him or her.

The substance of plaintiff's breach of contract claim is found in paragraphs 7 through 9 of his complaint:

> 7. That on said date Plaintiff, Nasr Nasser, sus-

tained bodily injury caused by an automobile collision and arising out of the ownership, operation or use of an automobile.

8. That as a result of the said bodily injury, Plaintiff, Nasr Nasser was required to expend or become liable for large sums of money for medical and hospital care and treatment; and was caused to loes [sic] income from work he would have performed had he not been injured; and was caused to incur expenses in obtaining ordinary and necessary services from others in lien [sic] of those services that he would have performed for the benefit of himself and his Dependents had he not been injured.

9. That by virtue of the foregoing, and in accordance with the terms of said insurance policy and the said no-fault endorsement, Defendant has become liable to pay over to Plaintiff certain benefits.

The defendant answered by denying each of these allegations:

7. In Answer to paragraph 7 of Count I of Plaintiff's Complaint, Defendant denies the allegations contained therein, as they are untrue.

8. In Answer to paragraph 8 of Count I of Plaintiff's Complaint, Defendant denies the allegations contained therein, as they are untrue.

9. In Answer to paragraph 9 of Count I of Plaintiff's Complaint, Defendant denies the allegations contained therein, as they are untrue.

A motion for summary disposition under MCR 2.116(C)(9) is tested solely by reference to the parties' pleadings. "[W]hen, as here, a material allegation of the complaint is categorically denied, summary [disposition] under [MCR 2.116(C)(9)] is improper." *Pontiac School Dist v Bloomfield Twp,* 417 Mich 579, 585; 339 NW2d 465 (1983). In this case, the defendant's answer denied that plaintiff

had sustained bodily injury (¶ 7), that he "was required" to expend or become liable for medical and hospital care and treatment (¶ 8), and that defendant was liable for all such expenses (¶ 9). Clearly, by these denials defendant stated a valid defense to plaintiff's breach of contract claim.[5]

The trial court granted plaintiff's motion pursuant to MCR 2.116(C)(9), however, because it thought that the insurer's defense as it eventually developed, i.e., as a challenge to the reasonableness and necessity of the expenses, went not to "liability," but to "damages." The Court of Appeals essentially agreed. As it stated in *Nasser I,* *supra,* p 186, "[t]he reasonableness of medical expenses cannot be used as a defense to liability in a no-fault accident case." Both lower courts erred in two respects in reaching this conclusion.

First, as explained above, merely denying liability is itself a valid defense. The fact that the defense ultimately might be unsuccessful in whole or in part does not render it invalid for purposes of MCR 2.116(C)(9), nor does the fact that it ultimately might be found not to create a genuine issue of material fact to be resolved at trial, thus entitling plaintiff to summary disposition under MCR 2.116(C)(10).

Somewhat more substantively, the courts below also erred in concluding that the lack of reasonableness or necessity does not affect defendant's liability for medical expenses. Under § 3105 of the no-fault act, an insurer is "*liable* to pay [PIP] benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, *subject to the provisions of this chapter.*" (Emphasis added.) The relevant provision in this case is § 3107, which

---

[5] Defendant also specifically denied each of the claims contained in the second count of plaintiff's complaint, alleging emotional distress.

provides that PIP benefits are payable only for "[a]llowable expenses." Section 3107 defines allowable expenses as "consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation."

Under this statutory scheme, an insurer is not *liable* for any medical expense to the extent that it is not a reasonable charge for a particular product or service, or if the product or service itself is not reasonably necessary. The plain and unambiguous language of § 3107 makes both reasonableness and necessity explicit and necessary elements of a claimant's recovery, and thus renders their absence a defense to the insurer's liability. In addition, the burden of proof on these issues lies with the plaintiff. As stated in SJI2d 35.02:

In order for the plaintiff to recover no-fault benefits from the defendant, the plaintiff has the burden of proof on each of the following:

* * *

c. (that plaintiff incurred allowable expenses which consist of reasonable charges for reasonably necessary products, services and accommodations for the plaintiff's care, recovery or rehabilitation).

In *Nelson v DAIIE,* 137 Mich App 226, 231; 359 NW2d 536 (1984), a different panel of the Court of Appeals clearly recognized the insured's burden to prove reasonableness and necessity:

Under the Michigan no-fault act, an insurer is liable for personal protection insurance benefits including "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation." MCL 500.3107(a); MSA 24.13107(a). *In order for plaintiff in this case to sustain her*

*burden of proving defendant's liability for medical
expenses incurred . . . plaintiff is required to es-
tablish that the expenses were reasonably neces-
sary to her recovery from injuries caused by the
automobile accident.* [Emphasis added.]

See also *Kondratek v Auto Club Ins Ass'n,* 163
Mich App 634, 637; 414 NW2d 903 (1987).

Moreover, it is each particular expense that
must be both reasonable and necessary. The con-
cept of liability cannot be detached from the spe-
cific payments involved, or expenses incurred:

> The statute requires that three factors be met
> before an item is an "allowable expense": 1) the
> charge must be reasonable, 2) the expense must be
> reasonably necessary, and 3) the expense must be
> incurred. These are the standard requirements for
> recovery of such expenses under all no-fault
> plans . . . . [*Manley v DAIIE,* 425 Mich 140, 169;
> 388 NW2d 216 (1986) (BOYLE, J., concurring in
> part).]

Where a plaintiff is unable to show that a particu-
lar, reasonable expense has been incurred for a
reasonably necessary product and service, there
can be no finding of a breach of the insurer's duty
to pay that expense, and thus no finding of liabil-
ity with regard to that expense.

The Court of Appeals in *Nasser I, supra,* p 186
stated that "the defense of reasonableness as to
plaintiff's medical expenses was *legally insuffi-
cient—so untenable that no factual development
would have prevented plaintiff's right to recov-
ery,*" citing *Karaskiewicz v Blue Cross & Blue
Shield of Michigan, supra,* p 110 (emphasis added).
We do not question the Court of Appeals formula-

tion of the standard to be applied;[6] rather, we disagree with its application in this case. While the situation may be rare, as this one is, it cannot be said *as a matter of law* that contesting the reasonableness and necessity of medical expenses can *never* defeat all liability. In other words, it is possible for there to be cases in which the factual developments establish that *none* of the medical expenses incurred were reasonable or necessary, and that therefore there is no insurer liability. The fact that this may not turn out to be such a case in no way diminishes the validity of the "reasonableness defense" for purposes of MCR 2.116(C)(9).

The Court of Appeals opinion on rehearing did not cure this fundamental misconception of § 3107. In *Nasser II,* the Court found that defendant, as plaintiff's no-fault insurer, must be liable for at least *some* benefits, since there was "clear proof" of the accident and "some degree" of injury. It thus restated its conclusion to provide that where at least *some* degree of liability is clear, the reasonableness or necessity of medical expenses cannot be a defense to *all* liability.

Again, the Court of Appeals misconstrued § 3107. The fact that the defendant may be liable for *some* of the expenses, i.e., those reasonable charges incurred for products and services that were necessary, does not necessarily establish its liability for *all* of the expenses, including any unreasonable charges for unnecessary services. Once it is recognized that § 3107 is a liability provision, rather than a damages provision, the

[6] See, e.g., 7 Callaghan's Michigan Pleading & Practice (2d ed), § 43.04.30, p 23, stating that "[t]he test on a motion for summary disposition based on the failure of the defendant to state a valid defense is whether the defenses are so clearly untenable as a matter of law that no factual development could possibly deny the plaintiff's right to recover."

error on the part of the lower court in granting summary disposition pursuant to MCR 2.116(C)(9) is apparent.[7]

C

In fairness to both the Court of Appeals and the trial court in this case, we must acknowledge that, while they concluded that the reasonableness and necessity of the expenses did not affect the defendant's "liability" for those expenses—again, it was *liable* for all these expenses merely by virtue of being plaintiff's no-fault insurer—they were nonetheless prepared to allow defendant to contest the amount of "damages" to which plaintiff was entitled as a result of the breach of its duty to pay those expenses. In fact, the trial court in this case did conduct a trial at which defendant had the opportunity to challenge both the reasonableness and the necessity of the expenses. Defendant, however, chose to conditionally waive its right to contest those issues before a jury in a proceeding styled as a trial on damages alone, apparently to speed the resolution of the case and its appeal to the Court of Appeals on the imposition of liability.[8]

[7] Our reading of § 3107 as a liability provision is supported, in our view, by § 3110(4) of the act, which states that PIP benefits "accrue not when the injury occurs but as the *allowable* expense . . . is incurred." (Emphasis added.) Restated, § 3110(4) provides that PIP benefits accrue only for allowable—i.e., reasonable and necessary—expenses. To the extent that any expense incurred *is* not *allowable, no* benefit has accrued to the claimant and no liability can attach to the insurer.

[8] Defendant also argues that it waived its right to a jury trial on the assumption that the trial court would only allow it to contest the reasonableness of the charges, and not the actual necessity of the products received and services rendered. While we need not address this argument, given our resolution of this case, we do note that the relative lack of evidence it presented at the trial on "damages" tends to confirm this belief, as does the trial court's perfunctory conclusion that the medical treatment rendered was "reasonable," with no discussion of the necessity of particular products or services.

It could be argued that defendant was not harmed by the trial court's grant of summary disposition with regard to liability in this case in light of the court's willingness to allow the defendant to contest reasonableness and necessity in a damages trial. Not surprisingly, plaintiff argues that, whatever else happened in this case, defendant had its day in court on these issues; the court simply ruled against it. We decline to apply this sort of "harmless error" rule to these facts.

As a practical matter, we are precluded from doing so in this case by defendant's reservation of its right to a full jury trial on the questions of reasonableness and necessity, i.e., liability, in the event it prevailed on its appeal of the trial court's grant of summary disposition. It has prevailed, and it is therefore entitled to a jury trial on the issue.

In addition, we disagree with the argument that defendant cannot possibly have been harmed by the lower courts' misinterpretation and misapplication of § 3107, or by its own waiver of the right to a jury trial. In our view, a trial on damages, even a "full" trial with regard to that issue, cannot be equated with a full trial with regard to both liability and damages. The issues addressed, obviously, are not exactly the same; thus, the evidence that the court or jury will consider or find relevant is not exactly the same. We cannot fault defendant in this case for concluding that the scope of the trial might not have been as wide, and its right to present evidence as extensive, as in a full trial on both liability and damages, and thus we cannot fault it for asserting its right to challenge the imposition of liability against it by way of summary disposition.[9]

---

[9] We would not fault defendant, for example, for questioning

D

We recognize that undoubtedly what troubled both the trial court and the Court of Appeals in this case was the fact that, while some of the products and services received by plaintiff might have been either unreasonable or unnecessary, there were bound to be *some* expenses that were both reasonable and necessary, such as the expense of an initial visit to a doctor immediately following the accident. Indeed, defendant's own expert acknowledged that he also would have treated plaintiff, albeit on an outpatient basis, with physical therapy. Yet, defendant chose to withhold payment on *all* expenses. The lower courts may simply have been reluctant to award defendant a chance to contest its liability regarding any clearly allowable expenses.

It was unnecessary, however, for the lower courts to declare defendant liable for all of plaintiff's expenses, including any unreasonable or unnecessary expenses, in order to accomplish the goal of precluding defendant from contesting any clearly allowable expenses. While there was certainly a genuine factual dispute in this case regarding whether almost all of the $25,000 in expenses consisted of reasonable charges for reasonably necessary products and services, to the extent that there were some clearly allowable expenses among those sought, the trial court simply could have granted partial summary disposition in plaintiff's favor with regard to those expenses,

whether the evidence regarding plaintiff's alleged participation in fraud would be admissible to the same extent in a trial limited to damages issues as in a trial on liability; i.e., whether it would be able to present to the jury the evidence that the car had been rented, that there was almost no physical damage to it, that plaintiff drove himself to the hospital on the day after the accident, or that he returned to work immediately after his last hospitalization, without ever returning to see Dr. William for so much as a checkup.

pursuant to MCR 2.116(C)(10) (not under MCR 2.116[C][9]).

While the question whether expenses are reasonable and reasonably necessary is generally one of fact for the jury, *Nelson v DAIIE; Kondratek, supra,* it may in some cases be possible for the court to decide the question of the reasonableness or necessity of particular expenses as a matter of law in much the same way that under certain circumstances it may decide whether a plaintiff has sustained a threshold injury under § 3135 of the act. *DiFranco v Pickard,* 427 Mich 32; 398 NW2d 896 (1986). Thus, if it could be "said with certainty" that an expense was both reasonable and necessary, the court could make the decision as a matter of law. *Id.,* p 51. As always, the determination would be made after viewing the evidence in the light most favorable to the nonmoving party. *Id.,* p 52; *Gallagher v Parshall,* 97 Mich App 654, 658-659; 296 NW2d 132 (1980).

As for the Court of Appeals determination that "strong considerations" of public policy compel its interpretation of § 3107, we disagree. That section as written requires only that an insurer pay reasonable charges incurred for reasonably necessary products and services. While policy considerations may indeed cause some reluctance on the part of courts to allow insureds to be "stuck" with unnecessary expenses that they might not reasonably be expected to avoid incurring on the advice of their physicians, that determination was made by the Legislature when it drafted § 3107 and restricted PIP benefits under a rule of reasonableness.[10]

Moreover, we fail to see the logic behind the

---

[10] We question, in any event, the Court of Appeals apparent conclusion that if the insurer is not made liable for even unreasonable and unnecessary expenses it will inevitably fall to plaintiff to pay those expenses. To the extent that plaintiff has any liability for these expenses in the event his insurance does not pay, it is presumably

Court of Appeals conclusion that it is proper to impose liability upon insurers for unreasonable and unnecessary expenses, in light of its lack of objection to, or, more specifically, its endorsement of, the trial court's decision to allow defendant to fully contest those issues in a trial on "damages." Even plaintiff seems to agree that defendant should have a chance to challenge the reasonableness and necessity of incurred expense under § 3107. Yet, how can imposing "liability" upon insurers for all medical expenses, regardless of whether they fit within the definition of allowable expenses under that section, at all benefit insureds if insurers are nonetheless allowed to attack those expenses at a full trial on "damages"? Of course, the Court of Appeals and plaintiff could hardly argue against that right, for to preclude defendant from contesting the propriety of the medical expenses incurred would make it a virtual guarantor of those expenses, something not contemplated by either the no-fault act or, presumably, the parties' insurance contract.

We also disagree with plaintiff's argument that our reading of that section will deter prompt payment of no-fault benefits by insurers, one of the goals of the act. An insurer still runs the risk of sanctions under § 3142 of the act if its liability ultimately is established and payments are found to be overdue, a risk which subjects it to an even greater rate of interest on overdue payments if

contractual. It seems unlikely that plaintiff would have an express agreement with Dr. William or the hospital to pay unreasonable and unnecessary medical expenses, and equally as unlikely that he would have an implied contractual duty to do so. See 61 Am Jur 2d, Physicians, Surgeons, and Other Healers, § 158, pp 290-291. And, while we need not resolve the issue in this case, it seems unlikely that medical expenses found to be unreasonable or unnecessary in a no-fault action would be found recoverable in a contract action against plaintiff.

both § 3142 interest and postcomplaint interest under MCL 600.6013; MSA 27A.6013 are awarded. *Johnston v DAIIE,* 124 Mich App 212; 333 NW2d 517 (1983); *Butler v DAIIE,* 121 Mich App 727; 329 NW2d 781 (1982). Our reading of § 3107 merely guarantees that where defendant opts to run that risk, it is entitled to a jury trial on both liability and damages, to the extent that questions of fact are found to exist.[11]

E

Our conclusion that the trial court erred in granting plaintiff's motion on the basis of defendant's failure to state a valid defense requires that we also conclude that the court erred in finding that there was no issue of fact as to defendant's liability and that summary disposition pursuant to MCR 2.116(C)(10) was proper. That conclusion hinged on the initial determination by the court that "liability" was established simply by showing that plaintiff had been in an accident and incurred expenses. As explained above, the question of defendant's liability for particular expenses in this case was still very much in issue since it was apparent when the motion was granted that defendant planned vigorously to contest most, if not all, of the expenses incurred as unreasonable or unnecessary. There were indeed questions of fact to be determined in this case.

[11] Arguably, it is the Court of Appeals reading of the statute that would tend to deter prompt payment of medical expenses by insurers. The Court of Appeals opinions in this case suggest that where liability for at least some of the expenses is established the insurer can no longer contest its liability with regard to any other expenses. It would certainly seem to be against the insurer's best interests, therefore, to pay even those medical bills that it might otherwise not contest if to do so would preclude it from challenging its liability for others.

### III

#### MOTION IN LIMINE

Defendant also claims that the trial court erred in granting plaintiff's motion in limine to exclude all evidence of other insurance coverage plaintiff may have received or been entitled to receive. The trial court found that such evidence was barred by both the collateral source rule and MRE 403. The Court of Appeals agreed.

The collateral source rule bars evidence of other insurance coverage when introduced for the purpose of mitigating damages. As we explained in *Tebo v Havlik,* 418 Mich 350, 366; 343 NW2d 181 (1984), "[t]he common-law collateral-source rule provides that the *recovery of damages* from a tortfeasor is not reduced by the plaintiff's receipt of money in compensation for his injuries from other sources." (Emphasis added.)

The rule is not an absolute bar to the admission of such evidence, however. Most jurisdictions, for example, recognize an exception to the general rule of exclusion where the evidence is sought to prove malingering or motivation on the plaintiff's part not to resume employment or to extend the disability. In such cases, the decision to allow the evidence is within the sound discretion of the trial court:

> Most courts . . . have refused to adopt . . . an inflexible exclusionary rule and have instead chosen to regard the admissibility of collateral source benefits evidence for the purpose of establishing malingering, as being a matter at least to some extent within the discretion of the trial judge. [Anno: *Admissibility of evidence that injured plaintiff received benefits from a collateral source, on issue of malingering or motivation to extend period of disability,* 47 ALR3d 234, 239-240.]

In Michigan, this exception was expressly adopted a number of years ago by the Court of Appeals in *Blacha v Gagnon,* 47 Mich App 168, 171; 209 NW2d 292 (1973). While the Court in *Blacha* discussed the rule in the context of wage-continuation benefits, its rationale applies equally as well to situations involving other sources of medical benefits:

> Evidence introduced in mitigation of damages continues to be inadmissible. However, there are circumstances where evidence may be introduced to show a motive for failure to resume regular employment within a reasonable period of time. Sufficient facts must be adduced which raise serious doubts in the minds of the jurors as to the extent of the injury actually suffered. This foundation established, the proposed evidence must refute the fact that plaintiff actually lost the wages or salary claimed. Taken together, should the trial judge in the exercise of his discretion determine that the evidence affects the weight of testimony introduced to show that plaintiff was disabled from working due to the injury, it will be deemed admissible. [*Id.,* pp 177-178.][12]

Thus, the evidence should be admitted "only if it appears to the trial judge from other evidence that there is a real possibility that plaintiff was motivated by receipt of collateral source benefits to remain inactive as long as he did." 22 Am Jur 2d, Damages, § 967, p 1004. Moreover, once it is determined that the evidence is being offered for a

[12] See also *McMiddleton v Otis Elevator Co,* 139 Mich App 418, 430; 362 NW2d 812 (1984) (the plaintiff's receipt of workers' compensation insurance benefits was admissible to prove that he had "little incentive to return to work"); *Cole v DAIIE,* 137 Mich App 603, 611; 357 NW2d 898 (1984); *Gallaway v Chrysler Corp,* 105 Mich App 1, 7; 306 NW2d 368 (1981), lv den 413 Mich 853 (1982) ("[w]here the introduction of evidence concerning collateral benefits has bearing on some purpose other than the question of mitigating benefits, it is admissible").

competent purpose—i.e., as proof of malingering or motivation, rather than in mitigation of damages —the trial court must determine whether, even though relevant, the evidence nonetheless should be excluded as being more prejudicial than probative. MRE 403.[13]

In this case, defendant sought the admission of evidence of other insurance coverage to prove plaintiff's motive for submitting to protracted hospitalizations and extensive medical testing and treatment despite the truly minor nature of the accident. It was defendant's theory that this was not a case in which a prudent plaintiff wisely had invested in a number of insurance policies to ensure full coverage in the event tragedy struck. Rather, defendant sought to establish a deliberate and fraudulent abuse of the no-fault insurance system.

Recognizing the requirement in *Blacha* that there be a "foundation" for such evidence, defendant presented the trial court with evidence that the minor parking lot accident in which plaintiff allegedly suffered these very severe injuries, which occurred while he was driving a rented automobile, resulted in "almost nonexistent" physical damage to the automobile. Defendant also noted that the plaintiff did not require emergency treatment after the accident, and in fact drove himself not only to Dr. William's office on the afternoon of the accident, but also to the hospital the next day. At the hospital, every test performed on plaintiff returned negative results except one, which was unrelated to the accident. Immediately after his

---

[13] It is, of course, possible for the trial court to reduce the prejudicial effect of the evidence through a curative instruction. As the Court in *Blacha, supra*, p 178, indicated, the trial court must be careful to "instruct the jury as to each of the theories of recovery advanced by the opposing parties, clearly advising that if plaintiff's contention is believed," the other evidence may not serve "to mitigate damages."

final hospitalization, plaintiff returned to work, requiring no further treatment.

Most important to defendant, however, was its proffered expert testimony that all three of plaintiff's hospitalizations were unnecessary, as was most of the testing and other treatment received by plaintiff. According to defendant, "the circumstances here involving the likelihood of such a motive [to extend the period of disability] are quite clear, or at least should be . . . available to the jury."

The trial court found that the collateral source rule "applied" to bar the evidence. Although it briefly mentioned defendant's motive argument, as well as the MRE 403 balancing test, it is apparent from a review of the trial court's opinion that it believed this case to be a straightforward application of the collateral source rule.[14] The trial court

[14] The trial court's opinion on plaintiff's motion in limine states, in relevant part:

I do believe, after reading both the motion and the response and both briefs, that due to this Court's understanding of the collateral source rule, and due to defense counsel's request to show motive as a result of the allegations and the counts that plaintiff has made in this particular case, I do believe that the collateral source rule should, in fact, apply in this particular instance.

This Court is going to preclude the injection of the issue of simultaneous coverage. I don't think it makes any difference whether another insurance company paid for the benefits; whether a good Samaritan came along and paid for the medical expenses of this particular plaintiff.

I think if this Court looks at the 403 balancing test, in dealing with the prejudicial effect outweighing the probative value, I think that this particular jury would look at this as a mitigation issue, even though this Court might attempt to cure that particular issue by giving a non-mitigation instruction.

I think that this jury would be of the impression that since all the expenses were, in fact, paid for him, that there is no harm and this particular plaintiff should not be entitled to any of the benefits that he went out and paid for.

It is my understanding that this particular contract between the plaintiff and AAA is one that is not of coordinated benefits.

found that plaintiff had every right to "double-dip," since he had paid for an uncoördinated no-fault policy and for the excess insurance coverage. It made no attempt to examine the circumstances presented by defendant to determine whether they established a real possibility that plaintiff was motivated to remain hospitalized or under treatment by his continued receipt of collateral source benefits. Nor did it elaborate in any way upon its conclusion that MRE 403 precluded this evidence because its possible prejudicial effect outweighed its probative value.

Since we have reversed the decision of the trial court with respect to its grant of summary disposition as to liability, thus requiring the case to return to that court for further proceedings, we need not resolve the application of the above-stated "exception" to the collateral source rule in this case. We do observe, however, that the trial court's decision on plaintiff's motion to exclude this evidence was quite summary. On remand, we

---

That both plaintiff and AAA went into this contract negotiations [sic] with open eyes; that the plaintiff paid certain sums of money for this particular contract.

This defendant received the benefits of the premiums and now the defendant has found out that there is, in fact, another policy out there, that the benefits, the medical benefits, the medical expenses were, in fact, paid by another policy and now this defendant wants to take advantage of this particular policy and let this particular jury know about that.

When using the term "double-dipping," I think that that is, in fact, a term that should be applied to this particular issue; that the plaintiff wanted to have the best possible coverage; that he went out and did, in fact, get two insurance policies. That he had the right, if I can use the word, to "double-dip." He paid for this particular request of double-dipping. I don't think that AAA should now rely on Blue Cross and Blue Shield, just because Blue Cross and Blue Shield has paid these particular medical expenses.

Based on your arguments today, gentlemen, this Court is going to invoke that collateral source rule and preclude AAA from mentioning, or bringing up, the fact that Blue Cross-Blue Shield paid these benefits.

suggest that it reconsider defendant's argument that the evidence of the collateral sources of insurance is offered to prove malingering or exaggeration of injuries by plaintiff, rather than in mitigation of damages. It would not be inappropriate for the court to supplement its findings in light of our discussion above.

### CONCLUSION

We conclude that the trial court improperly granted summary disposition with regard to liability in this case. The reasonableness and necessity of the particular expenses incurred by plaintiff are relevant to the question of defendant's "liability" under § 3107. Thus, defendant did state a valid defense to plaintiff's breach of contract claim, and genuine questions of material fact did therefore exist with respect to its liability.

The decision of the Court of Appeals is reversed, and the cause is remanded to the trial court for a new trial on plaintiff's breach of contract claim. On remand, the trial court should reconsider the admissibility of the evidence regarding plaintiff's collateral sources of insurance in light of our discussion of the above-stated exception to the collateral source rule, where the evidence is offered for a purpose other than mitigating damages.

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, and GRIFFIN, JJ., concurred with BOYLE, J.

ARCHER, J. (*dissenting*). We granted leave to consider several questions presented, beginning with whether the trial court properly granted plaintiff's motion for summary disposition regarding whether any personal injury protection benefits to which plaintiff may have been entitled were

overdue. We would hold the following: The trial court correctly granted plaintiff's motion; the no-fault act does not preclude an insurer from disputing the validity of a personal protection injury claim; the Court of Appeals properly held that plaintiff was entitled to interest under MCL 500.3142(3); MSA 24.13142(3); the trial court properly denied plaintiff's claim for attorney fees under MCL 500.3148; MSA 24.13148; and, finally, the trial court properly granted plaintiff's motion in limine.

I

Plaintiff Nasr Nasser was driving a rented automobile when he collided with another vehicle in a shopping mall parking lot. The damage to plaintiff's vehicle was minor.

On the day of the accident, plaintiff sought medical treatment from Dr. Roberto William. Over the next two months, Dr. William hospitalized plaintiff for three separate periods totaling fifty days. Dr. William prescribed numerous tests, medications, physical therapy, and other treatments. The only positive test indicated that plaintiff had a slow heartbeat. Plaintiff returned to work after his final hospital discharge.

Plaintiff filed the present lawsuit when his no-fault insurer, defendant Auto Club Insurance Association, refused to pay PIP benefits. Plaintiff alleged that defendant's failure to pay PIP benefits was a breach of its insurance contract and that defendant's outrageous conduct caused him emotional harm.

Plaintiff filed two pretrial motions. The trial court granted the first motion and held that, under the collateral source rule and MRE 403, other insurance coverage plaintiff may have had was inadmissible evidence. The trial court also granted

plaintiff's motion for summary disposition and held that any PIP benefits he may have been entitled to were overdue under MCL 500.3142(2); MSA 24.13142(2).

Both parties conditionally waived their right to a jury trial. Following the bench trial, the court found defendant liable and plaintiff's contract damages in excess of $25,000.

Both parties filed claims of appeal. Although it found that the trial court had erroneously refused to award plaintiff interest for overdue PIP payments under § 3142, the Court of Appeals otherwise affirmed. 169 Mich App 182; 425 NW2d 762 (1988). Defendant moved for rehearing, and the Court again affirmed. 171 Mich App 741; 431 NW2d 103 (1988).

Defendant Auto Club subsequently applied for leave to appeal. We granted leave to appeal on June 30, 1989.[1]

II

The record clearly establishes that defendant Auto Club disputed the validity of plaintiff's PIP claim. Defendant's theory of the case was that, under MCL 500.3107(a); MSA 24.13107(a), plaintiff's treatment was unnecessary and that the expenses incurred were unreasonable.[2] The Auto Club's defense, consequently, was that plaintiff had failed to state a valid claim for allowable expenses under § 3107(a). As to this issue, therefore, a factual dispute arose for the trier of fact to resolve.

Prior to the trier of fact's resolution of the disputed § 3107(a) claim, however, plaintiff moved for summary disposition to settle a related but distinct issue. At this point in the litigation, plaintiff sought to determine whether, under MCL

---

[1] 432 Mich 921 (1989).

[2] For text of § 3107(a), see text accompanying n 5.

500.3142(2); MSA 24.13142(2),[3] the PIP benefits he may be entitled to, if any at all, were overdue.[4] In his written motion brought pursuant to MCR 2.116(C)(9), plaintiff argued, in effect, that the lack of necessity of medical treatment and unreasonableness of expenses incurred is not a legally sufficient defense against § 3142(2). Plaintiff also claimed in the same motion that because the Auto Club had received reasonable proof documenting plaintiff's injuries and medical bills, defendant was estopped from contesting the necessity of plaintiff's medical care and the reasonableness of the expenses incurred.

At oral argument before the trial court, plaintiff amended his written motion. Plaintiff's additional claim was that, as a matter of law, the PIP benefits he was entitled to, if any at all, were overdue because, under § 3142(2), no genuine factual dispute existed. MCR 2.116(C)(10). Because the Auto Club had received his medical records, hospital

---

[3] Section 3142 provides:

> (2) Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. . . .
>
> (3) An overdue payment bears simple interest at the rate of 12% per annum.

[4] Presumably for strategic reasons, plaintiff's counsel chose to resolve this limited issue before the trier of fact first determined whether he had stated a valid claim for allowable expenses under § 3107(a). Whether the § 3142(2) issue was resolved before or after resolution of the § 3107(a) factual dispute, however, is of no consequence. The Auto Club did present to the trier of fact its defense that no § 3107(a) allowable expense was incurred because plaintiff's treatment was unnecessary and the expenses incurred unreasonable. See part III(C).

bills, and admittedly refused to pay PIP benefits, plaintiff reasoned any PIP benefits he was entitled to were overdue under § 3142(2).

The Auto Club raised two defenses in response. Defendant first claimed that the medical treatment provided plaintiff was unnecessary and that the expenses incurred were unreasonable. In addition, defendant also argued that it had not been given reasonable proof of both the fact of plaintiff's injury and the expenses plaintiff incurred because the documentation supporting plaintiff's claim was incomplete.

The trial court granted plaintiff's motion on both grounds, and the Court of Appeals twice affirmed. The principle questions presented today, consequently, are whether the Auto Club's defense was clearly untenable as a matter of law and therefore legally insufficient with regard to plaintiff's § 3142(2) claim, *Armoudlian v Zadeh,* 116 Mich App 659, 672-673; 323 NW2d 502 (1982), and whether no possible factual development could justify recovery in defendant's favor under § 3142(2), *League Life Ins Co v White,* 136 Mich App 150, 152; 356 NW2d 12 (1984).

### III

#### A

The trial court correctly held that, as against plaintiff's § 3142(2) claim, the Auto Club's defense that plaintiff had incurred no § 3107(a) allowable expense was legally insufficient. An insurer's reasonable and bona fide refusal to pay PIP benefits is no defense to a claim that any PIP benefits owed are overdue under § 3142(2) when the insurer has received reasonable proof documenting the fact of injury and the expenses incurred. *Bradley v*

*DAIIE,* 130 Mich App 34, 48-50; 343 NW2d 506 (1983).

The no-fault act provides that no-fault insurers must pay first-party PIP benefits for accidental bodily injuries arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. MCL 500.3105(1); MSA 24.13105(1). PIP benefits are provided without regard to fault, MCL 500.3105(2); MSA 24.13105(2), and are payable as a loss accrues. MCL 500.3142(1); MSA 24.13142(1). A loss accrues when allowable expenses are incurred, not when bodily injury occurs. MCL 500.3110(4); MSA 24.13110(4). Allowable expenses[5] consist of "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(a); MSA 24.13107(a). Thus, PIP benefits are payable only if two conditions are met: (a) the service, product, or accommodation must be reasonably necessary, and (b) the charge incurred must itself also be reasonable. *Kondratek v Auto Club Ins Ass'n,* 163 Mich App 634, 637; 414 NW2d 903 (1987).

When the insured claims that any PIP benefits owed him are overdue, however, the only issue under § 3142(2) is whether the insurer has been presented with reasonable proof supporting the insured's claim that an injury has in fact occurred and that a specific loss has accrued. If reasonable proof is supplied, then whether the treatment was unnecessary or the expense unreasonable is simply irrelevant regarding whether the claim is overdue under § 3142(2). Although the lack of necessity of treatment or the unreasonableness of expenses incurred may explain the insurer's motive for denying payment under § 3107(a), these are not

[5] PIP benefits are also payable for work loss expenses. MCL 500.3107(b); MSA 24.13107(b).

elements of § 3142(2). Consequently, this defense fails to address the narrow question whether PIP benefits were in fact tendered within the thirty-day period provided in § 3142(2).

The reasonableness of an insurer's refusal to pay PIP benefits is a defense, but only to a claim for attorney fees under MCL 500.3148; MSA 24.13148.[6] *Butt v DAIIE,* 129 Mich App 211, 220; 341 NW2d 474 (1983); see, generally, *Wood v DAIIE,* 413 Mich 573, 586-589; 321 NW2d 653 (1982). Section 3148(1) not only requires that the claim be overdue under § 3142(2), but also that the insurer's refusal or delay in making payments is unreasonable. Thus, a bona fide factual dispute regarding whether an allowable expense has been incurred or a legitimate question of statutory construction are defenses available under § 3148(1). *Liddell v DAIIE,* 102 Mich App 636, 650; 302 NW2d 260 (1981). But once an insurer has been presented with reasonable proof of the fact of injury and the loss incurred, these same defenses are irrelevant when a plaintiff seeks to establish merely that whatever PIP benefits he may be entitled to, if any at all, are overdue under § 3142(2). *Bradley, supra* at 49. Therefore, the trial court correctly held that, as to plaintiff's § 3142(2) claim, the reasonableness of the Auto

---

[6] Section 3148 provides:

(1) An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

(2) An insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation.

Club's refusal to pay PIP benefits was not a legally tenable defense.

B

This is not to say, however, that no-fault insurers must process and pay every claim presented. Defendant Auto Club and amici curiae vigorously contend that the effect of the trial court order granting plaintiff's motion and the Court of Appeals opinions is to impose "strict liability" on no-fault insurers. Under the lower courts' rulings, defendant argues that, contrary to § 3107(a), an insurer is absolutely liable to pay PIP benefits for any and all expenses its insured incurs, even unreasonable expenses resulting from unnecessary treatments. We agree that the analysis the lower courts employed could be mistakenly interpreted as precluding an insurer from contesting the necessity of medical treatment and the reasonableness of the expenses incurred under § 3107(a). We just as emphatically agree this standard would be contrary to the no-fault act. We disagree, however, that the lower courts' rulings, in effect, impose this type of standard. Rather, in light of the conduct of the underlying litigation as it actually occurred, the Auto Club was properly provided the opportunity to submit to the trier of fact its defense that plaintiff had failed to state a valid PIP claim for allowable expenses under § 3107(a).

Under the no-fault act, some first-party claims will be disputed, and insurers are not required to merely process and pay all claims. *Lewis v Aetna Casualty & Surety Co,* 109 Mich App 136, 139; 311 NW2d 317 (1981). Under the act, for example, an insurer is not penalized for denying or withholding payment of a claim unless it is first presented with

reasonable proof of the fact of injury and loss incurred. MCL 500.3142; MSA 24.13142. Although § 3142(3) penalizes an insurer at the rate of twelve percent annual interest for overdue PIP claims, *Wood v DAIIE, supra* at 589, n 17, "overdue" is narrowly defined and includes only claims unpaid within thirty days of an insurer's receipt of reasonable proof of both the fact and amount of loss. Section 3148 likewise provides for the award of reasonable attorney fees in an action seeking overdue PIP payments, but only where the insurer unreasonably refuses to pay the claim or unreasonably delays tendering proper payments. When considered as a whole,[7] therefore, the no-fault act clearly contemplates that disputed claims will arise. Although they bear the risk of being penalized for overdue payments and unreasonable delay or nonpayment, no-fault insurers clearly have the right to contest claims for expenses not allowable under § 3107 and are not subjected to a "strict liability" standard.

C

The Auto Club did present to the trier of fact its defense that plaintiff's treatment was unnecessary, the expenses incurred unreasonable, and, consequently, that no § 3107(a) allowable expense accrued. Following plaintiff's motion for summary disposition, both parties conditionally waived their right to a jury trial with regard to whether plaintiff had stated a claim for allowable expenses under § 3107(a). Although in light of the conditional waiver the lower courts' opinions could mistakenly be read as adopting a flawed analysis

[7] See also MCL 500.3112, 500.3145, 500.3151; MSA 24.13112, 24.13145, 24.13151.

of the no-fault act,[8] it is clear that with regard to the ultimate issue of the case, plaintiff properly continued to bear the burden of proof regarding the necessity of treatment and the reasonableness of expenses incurred. Subsequent to defendant's motion for a directed verdict, in which the trial court properly rejected defendant's claim that plaintiff had failed to establish the necessity of treatment and the reasonableness of expenses incurred, and the close of all evidence, the trial court made specific findings of fact.

> *The Court:* This Court has had an opportunity to make a ruling on a summary judgment disposition.
>
> This Court also had an opportunity to take testimony concerning the issue of damages.
>
> This Court listened to the keeper of the medical records from Kirwood General Hospital and this Court also had an opportunity to listen to a Miss Edwardine Schuelte, who was called as a witness under the adverse statute rule, by the plaintiffs.
>
> As a result of the testimony of both of those witnesses and as a result of the depositions that this Court had an opportunity to read, specifically, of a Dr. Roberto Williams [sic] and also a Dr. Mitchell C. Pollack [sic], this Court is prepared to make a ruling on the issue of damages.
>
> I do believe that, after reading the deposition of Dr. Pollack, who, basically, through his deposition

---

[8] Part of the confusion as to the scope of the trial court's order granting plaintiff's motion arose from the court's use of the terms "damages" and "unreasonable." The Court of Appeals further confused the issue when it referred to the trial court order as determining defendant's "liability." See 171 Mich App 741. "Liability" and "damages," however, are terms that can only be defined in the context in which they arose. In light of plaintiff's motion, which merely established that any PIP benefits owed plaintiff were, as a matter of law, overdue, it is clear that defendant was found "liable" only in the sense that any PIP benefits it owed plaintiff were overdue under § 3142(2). Thus, the "damages" issue was left to the trier of fact for resolution, and it concerned the reasonableness and necessity of plaintiff's medical treatment and expenses under § 3107, the very essence of the Auto Club's defense.

enlightened the Court that he would have given different types of medical treatment, *I do not believe that the medical treatment rendered to this particular plaintiff was unreasonable medical treatment, but I do believe it to be reasonable.*

*I do also believe that the amount of medical expenses that were incurred to this plaintiff in the amount of $25,059.29 were, in fact, reasonable.* [Emphasis added.]

Thus, as the trier of fact, the court expressly found that plaintiff's medical treatment was necessary and that the expenses incurred were reasonable. Far from being denied the opportunity to raise its defense that plaintiff incurred no allowable expense within the meaning of § 3107(a), defendant was fully given the opportunity to show that plaintiff's treatment was unnecessary and that the expenses incurred were unreasonable. Although it did not prevail, defendant Auto Club presented its theory of the case to the trier of fact. Consequently, defendant had its day in court.

IV

The second defense the Auto Club raised in response to plaintiff's motion for summary disposition was that it refused to pay PIP benefits because, contrary to § 3142(2), plaintiff had failed to provide reasonable proof of the fact of his injury and the expenses incurred. We agree with the Auto Club's argument that this defense is legally tenable under § 3142(2) and would survive a motion for summary disposition under MCR 2.116(C)(9). Unlike the Auto Club's previous argument, this defense rebuts the requirement of § 3142(2) that the claimant provide proof reasonably supporting the alleged injury and expenses incurred.

The trial court, nevertheless, properly held un-

der MCR 2.116(C)(10) that no genuine factual dispute existed as to whether plaintiff's PIP claim was overdue. Upon the basis of our review of the record, we can only conclude that, within the meaning of § 3142(2), plaintiff presented defendant with reasonable proof of the fact of his injury and the losses incurred in the treatment of that injury. Although defendant disputed the necessity of plaintiff's treatment and the reasonableness of the expenses incurred, it was undisputed that, as of November, 1982, defendant had obtained itemized billing statements and plaintiff's medical and hospital records. When added to defendant's admission that it refused to pay plaintiff's PIP claim, the trial court properly granted plaintiff's motion.

V

We also reject defendant's argument that the trial court committed error requiring reversal by excluding evidence of plaintiff's Blue Cross/Blue Shield coverage as to the limited issue of motive under count II of plaintiff's complaint alleging emotional harm. Although the trial court awarded plaintiff damages for breach of contract, no damages were awarded for emotional harm. With regard to this second count, the trial court ruled in defendant's favor. Defendant's claim, therefore, is moot, and the Auto Club has suffered no prejudice.

CONCLUSION

We would hold, therefore, that the Court of Appeals properly affirmed the trial court's order granting plaintiff's motion in limine and motion for summary disposition. The Court of Appeals also properly held that plaintiff was entitled to

interest under § 3142(3), since the trial court had ruled that, as a matter of law, plaintiff's PIP benefit payments were overdue. We also would affirm the Court of Appeals holding that the trial court properly concluded that no award of attorney fees under § 3148 was justified, since the Auto Club reasonably and in good faith disputed the validity of plaintiff's claim for allowable expenses under § 3107.