*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NORMAN FUCHS,

      Plaintiff-Appellee,

v

MICHIGAN CATASTROPHIC CLAIMS
ASSOCIATION and AUTO CLUB INSURANCE
ASSOCIATION,

      Defendants,

and

MICHIGAN PROPERTY & CASUALTY
GUARANTY ASSOCIATION,

      Defendant/Third-Party Plaintiff-
      Appellant,

and

TRAVELERS INSURANCE COMPANY, also
known as TRAVELERS CASUALTY AND
SURETY COMPANY, and INTERINSURANCE
EXCHANGE OF THE AUTOMOBILE CLUB,

      Third-Party Defendants.

UNPUBLISHED
February 21, 2025
11:12 AM

No. 370136
Wayne Circuit Court
LC No. 18-015839-NF

Before: GADOLA, C.J., and RICK and MARIANI, JJ.

PER CURIAM.

-1-

In this case arising under the no-fault act, MCL 500.3101 *et seq.*, defendant, Michigan Property & Casualty Guaranty Association (MPCGA), appeals by leave granted[1] the trial court's order denying its motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand for entry of an order granting defendant's motion for summary disposition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2001, plaintiff, Norman Fuchs, sustained an odontoid fracture of his C2 vertebra in a motor vehicle collision. To treat the injury, plaintiff underwent surgery in October 2001 to fuse the C1 and C2 vertebrae together, which resulted in a significant loss of movement in his neck. Plaintiff developed degenerative disc disease in vertebrae C3 through C7, which eventually caused severe cervical stenosis and myelopathy (compression of the spinal cord) in that area of the spine. Plaintiff eventually underwent surgery to correct the cervical stenosis in those vertebrae in August 2018. Plaintiff thereafter underwent two more surgeries: one in November 2018 and one in April 2019. The November 2018 surgery was necessitated by Fuchs falling down and breaking a surgical fixation in his spine that was inserted during the August 2018 surgery. The April 2019 surgery was to fuse vertebrae L4 and L5 together to correct lumbar stenosis.

In December 2018, plaintiff filed a complaint against his insurer at the time, American Country Insurance Company (American Country), seeking unpaid personal protection insurance (PIP) benefits. American Country was declared insolvent in 2020, however, so plaintiff filed an amended complaint in December 2021, and defendant was eventually substituted as defendant and third-party plaintiff.[2] In relevant part, plaintiff sought PIP benefits resulting from the August 2018, November 2018, and April 2019 surgeries as well as for subsequent attendant care related to the surgeries.

In December 2023, following discovery, defendant moved for summary disposition under MCR 2.116(C)(10). Defendant argued that plaintiff sought recovery of expenses related to the August 2018, November 2018, and April 2019 surgeries, including medical, attendant care, and mileage expenses, but that (1) none of those surgeries were related to the 2001 motor vehicle collision, (2) plaintiff had not submitted any medical bills relating to the surgeries as documentation of his incurred expenses, and (3) plaintiff had not submitted any request for benefits or any other evidence related to attendant care. Defendant reasoned that it was entitled to summary disposition because all three of the surgeries were "too attenuated to be compensable under the

---

[1] *Fuchs v Mich Catastrophic Claims Ass'n*, unpublished order of the Court of Appeals, entered April 29, 2024 (Docket No. 370136).

[2] In a prior appeal, this Court ordered that the Michigan Catastrophic Claims Association (MCCA) be dismissed from the action as a defendant because "plaintiff, as an individual insured, has no direct claim against MCCA" for PIP benefits. See *Fuchs v Mich Catastrophic Claims Ass'n*, unpublished per curiam opinion of the Court of Appeals, issued August 17, 2023 (Docket No. 361905), pp 6-7.

No-Fault Act" and because plaintiff had not submitted any evidence of services rendered or expenses incurred for those services.

Plaintiff filed a response in February 2024, arguing that the causal relationship between the 2001 collision and the surgeries involved factual questions that precluded summary disposition and that the law allowed him to produce claims and evidence of expenses for services rendered "up to and including the time of trial." Plaintiff attached a September 2018 letter and operative report from his surgeon regarding the necessity and procedure underlying the August 2018 surgery but did not attach any documentation regarding the November 2018 and April 2019 surgeries. All other attached documents were related to his 2001 American Country claim file, but all of the documents predated his August 2018 surgery by more than a year.

Defendant replied, primarily reiterating its initial arguments. Defendant added that plaintiff made no argument that the April 2019 surgery was related to the 2001 collision and only produced evidence showing that the November 2018 surgery arose from a fall rather than from the collision. Defendant also pointed out that plaintiff apparently "acknowledge[d] that . . . there have been no actionable submissions" because he had "come forth with no evidence that, in fact, there have been any bills submitted to either American Country or [defendant]" and instead "simply state[d] that [he is] allowed to present those bills 'at trial.' "

A hearing to address defendant's motion was held on February 21, 2024. Plaintiff filed several hundred pages of additional documents as exhibits on the same day as the hearing. All of the documents appeared to be various medical bills, but plaintiff provided no explanation as to what the documents were or how they were related to the three surgeries or subsequent attendant care for which he sought PIP benefits. Additionally, nearly all of the documents either predated or occurred well after the surgeries. Neither the parties nor the trial court mentioned, relied upon, or otherwise referenced any of these documents during the motion hearing.

The parties' arguments at the motion hearing largely mirrored their written arguments. Defendant argued that it was entitled to summary disposition because the three surgeries performed 17 years after the 2001 collision were not causally related to the collision and too attenuated to be compensable under the no-fault act. Defendant also argued that it was entitled to summary disposition because plaintiff "never produced any type of demand for payment for any type of benefits" relating to the three surgeries or the subsequent attendant care. Plaintiff countered that he had produced evidence that the surgeries were causally related to the 2001 collision, creating a genuine issue of material fact on that point. Regarding the medical and attendant care expenses, plaintiff reiterated that the law allowed him to provide evidence of incurred expenses at trial and argued that all he risked by not doing so sooner was losing the statutory right to penalty interest. The trial court denied defendant's motion, concluding that a question of fact existed as to whether the surgeries were causally related to the 2001 collision. The court did not address defendant's argument regarding plaintiff's failure to produce evidence of incurred expenses. This appeal followed.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Summary

-3-

disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160. "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *ACLU of Mich v Calhoun Co Sheriff's Office*, 509 Mich 1, 9; 983 NW2d 300 (2022) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (quotation marks and citation omitted). In deciding a motion for summary disposition, the court need only consider the evidence identified by the parties. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 377; 775 NW2d 618 (2009). This Court's review of a summary disposition ruling is limited to the evidence presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

### III. DISCUSSION

Defendant argues on appeal that the trial court erred by denying its motion for summary disposition because, to recover PIP benefits for allowable expenses under the no-fault act, plaintiff was required provide "proof of the services rendered and the expenses incurred" as it related to the surgeries and subsequent attendant care, but plaintiff failed to submit any "affidavits or other evidence" demonstrating that expenses had been incurred. Accordingly, defendant contends, plaintiff failed "to establish that there [was] a genuine issue of material fact as to any benefits due and owing." We agree.[3]

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle[.]" MCL 500.3105(1).[4] PIP benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). To recover PIP benefits for an allowable expense, a plaintiff must prove three things: (1) the charge was reasonable, (2) the expense was reasonably necessary, and (3) the expense was incurred. *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 50; 457 NW2d 637 (1990).

"*Any* insured who incurs charges for services must present proof of those charges in order to establish, by a preponderance of evidence, that he is entitled to PIP benefits." *Douglas v Allstate*

---

[3] Defendant also argues on appeal that the trial court erred by denying its motion for summary disposition because the three surgeries and subsequent attendant care for which plaintiff sought PIP benefits were unrelated to the August 2001 collision. Given our disposition of this appeal, we need not reach that challenge.

[4] Plaintiff commenced this action before the Legislature's substantial amendments to the no-fault act went into effect. See 2019 PA 21, effective June 11, 2019. Accordingly, we cite to the provisions of the no-fault act that were in effect at the time this action was commenced.

*Ins Co*, 492 Mich 241, 269; 821 NW2d 472 (2012). This is because "an insurer's liability cannot be detached from the specific payments involved, or expenses incurred[.]" *Id*. at 267 (quotation marks and citation omitted). Thus, "[w]here a plaintiff is unable to show that a particular, reasonable expense has been incurred for a reasonably necessary product and service, there can be no finding of a breach of the insurer's duty to pay that expense, and thus no finding of liability with regard to that expense." *Nasser*, 435 Mich at 50. Stated differently, "even if a claimant can show that services were for his care and were reasonably necessary, an insurer is not obliged to pay any amount except upon submission of evidence that services were *actually rendered* and of the *actual cost expended*." *Douglas*, 492 Mich at 266-267 (quotation marks and citation omitted).

Defendant argued in its motion for summary disposition—and argues on appeal—that plaintiff failed to provide any documentation to support his claims for expenses related to the surgeries and subsequent attendant care for which he sought PIP benefits. As the moving party, defendant bore "the initial burden of production." *Quinto v Cross and Peters Co*, 451 Mich 358, 361; 547 NW2d 314 (1996); see also MCR 2.116(G)(4). Defendant could satisfy this burden in one of two ways: (1) by "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim," or (2) by "demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Quinto*, 451 Mich at 362. In this case, whether an expense was incurred for relevant services rendered is an essential element of plaintiff's claim. See *Nasser*, 435 Mich at 50. Defendant therefore satisfied its initial burden by demonstrating that plaintiff could not establish an essential element of his claim. See *id*.; *Quinto*, 451 Mich at 362.

The burden then shifted to plaintiff, as the nonmoving party, "to establish that a genuine issue of disputed fact exist[ed]." *Quinto*, 451 Mich at 362. "A litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10). The court rule plainly requires the adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial." *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). Indeed, "[w]here the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Quinto*, 451 Mich at 362. "If the [nonmoving] party fails to present documentary evidence establishing the existence of a material factual dispute, the motion [for summary disposition] is properly granted." *Id*. at 363.

In his response to defendant's motion, plaintiff primarily argued that he was not required to provide evidence showing that he incurred expenses related to the surgeries and subsequent attendant care, and that he could—and would—simply wait until trial to produce such evidence.[5]

---

[5] In maintaining this same argument on appeal, plaintiff asserts that *Douglas*, 492 Mich 241, "does not require claims for attendant care to be submitted in any specific form, or by any specific deadline to be recoverable." The holding in *Douglas* hinged on whether the plaintiff's offered proofs regarding services rendered and expenses incurred were reasonable, and our Supreme Court remanded to the trial court to "determine whether plaintiff submitted sufficient proofs that allowable expenses were incurred but not reimbursed." *Id*. at 273-274. Here, however, plaintiff

-5-

But, as a claimant seeking PIP benefits—and as the nonmoving party facing a motion for summary disposition under MCR 2.116(C)(10)—plaintiff was required to put forth documentary evidence, rather than a mere promise to do so at trial, that at least demonstrated there was a genuine issue of material fact regarding this challenged and essential element of his claim. See MCR 2.116(G)(4); *Douglas*, 492 Mich at 266-267, 269; *Quinto*, 451 Mich at 362-363; see also *Maiden*, 461 Mich at 121.[6] Plaintiff did not do so in this case.

Plaintiff attached to his response to defendant's motion several documents from his American Country claim file, including two medical bills, but all of the documents predated the August 2018 surgery by nearly a year or more—indeed, some by nearly a decade. Plaintiff also attached a medical report for the August 2018 surgery, but not for the November 2018 or April 2019 surgeries, and the report only detailed the necessity, procedural steps, and outcome of the August 2018 surgery. Plaintiff also filed two additional exhibits on the same day as the motion hearing. These exhibits—which amounted to more than 200 pages—included a plethora of receipts and medical bills for things such as wheelchairs, lab work, x-rays, prescriptions, and emergency room visits, among other things. An overwhelming majority of the documents were related to services rendered either well before or well after the three surgeries occurred, and many of the bills did not detail the service rendered at all. The documents—and even some of the pages of individual documents—were in no particular order, and several of the documents were missing pages. Plaintiff did not label or coherently organize the documents, and at no point did he explain—either in his response to defendant's motion or at the motion hearing—how, or even if, the documents reflected expenses incurred for medical and/or attendant care related to the three surgeries for which he sought PIP benefits.

Plaintiff presents the same documents on appeal, but as in the trial court, he does not organize the documents in a coherent manner or provide any explanation as to how they evidence services rendered or expenses incurred specifically in relation to the surgeries or attendant care at issue in this case. This is no more adequate here than it was below. See *Barnard*, 285 Mich App at 380-381 (explaining that "this Court's review is limited to review of the evidence properly presented to the trial court" and "the trial court [i]s not obligated under MCR 2.116(G)(5) to scour the record to determine whether there exists a genuine issue of fact to preclude summary disposition," but rather the nonmoving party "ha[s] the obligation to set forth specific facts showing that there is a genuine issue for trial") (quotation marks and citations omitted). On this record, we cannot conclude that plaintiff satisfied his burden of establishing a genuine issue of material fact regarding expenses incurred in relation to the surgeries and attendant care for which

_____

has not provided *any* proofs to show that he incurred expenses relating to the surgeries or subsequent attendant care (or, for that matter, that he did, in fact, receive attendant care following the surgeries).

[6] Plaintiff also asserts that he could not have submitted claims or evidence of the incurred expenses because American Country was insolvent, but American Country was not liquidated until August 2020—more than a year after plaintiff's April 2019 surgery and nearly two years after he filed his initial complaint. Moreover, at the point that defendant moved for summary disposition based on the fact that plaintiff had not provided proper documentation, plaintiff knew where to direct his claims but had still failed to do so.

he sought PIP benefits.  See *Douglas*, 492 Mich at 266-267; *Quinto*, 451 Mich at 362-363. Accordingly, the trial court erred by denying defendant's motion for summary disposition.  See *Quinto*, 451 Mich at 363.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Philip P. Mariani